Gerland Lee GASS, a/k/a Gerl GASS
*v.* STATE of Arkansas

CA CR 85-95                                              699 S.W.2d 408

Court of Appeals of Arkansas
En Banc
Opinion delivered November 13, 1985

*Crawford, Hays & Crawford,* by: *Robert H. Crawford*; and *Henry & Mooney,* by: *John R. Henry,* for appellant.

*Steve Clark,* Att'y Gen., by: *Connie Griffin,* Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant has appealed his conviction of conspiracy to deliver a controlled substance for which he was sentenced to a term of 30 years in the Department of Correction and a fine of $15,000. Appellant's brief does not comply with Rule 9(b) and (d) of the Rules of the Supreme Court and the Court of Appeals.

 Rule 9(b) requires that a brief begin with a concise statement of the case sufficient to enable us to read the abstract with an understanding of the nature of the case, general factual situation and action taken by the court. Appellant's statement of the case does none of these things. Rule 9(d) requires that the abstract of the record contain a condensation of those material parts of the record and testimony which are necessary to an

understanding by the court of all questions presented for decision and provides that abstracts not in the first person shall not be accepted.

■ All of appellant's arguments are based on the refusal of the trial court to grant his motion to suppress the evidence. The abstract does not contain the motion to suppress or the court's ruling on that motion. It consists of selected and unconnected, verbatim questions and answers but does not contain most of the evidence on which his arguments are based. It gives us no understanding of the facts or the sequence of events on which his arguments are based.

Appellant's brief is so flagrantly deficient that it causes an unreasonable and unjust delay in the disposition of the case. However, in view of the sentence imposed this court finds that it would be unjustly harsh to affirm the case for this noncompliance.

Pursuant to Rule 9(e)(2) appellant's attorney will be allowed twenty (20) days to reprint the brief to conform to Rule 9(b) and (d) at his own expense. Appellee will be allowed fifteen (15) days thereafter to revise or supplement its brief.