Clarence COLLINS *v.* STATE of Arkansas

CR 91-187                              826 S.W.2d 231

Supreme Court of Arkansas
Opinion delivered March 9, 1992

*Jeff Rosenzweig*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., *J. Brent Standridge*, Asst. Att'y Gen., and *Clementine Infante*, Asst. Att'y Gen., for appellee.

JACK HOLT, Jr. Chief Justice. The appellant, Clarence Collins, was convicted of burglary for an alleged break-in at Vic Brown Motors in Pine Bluff. He was sentenced to forty years imprisonment as an habitual offender.

■ On appeal, Collins argues the evidence was insufficient to support the conviction and also that, despite the fact his trial counsel failed to move for a directed verdict at trial, this court should consider the insufficiency argument on its merits. We disagree and affirm.

Ark. R. Crim. P. 36.21(b) provides:

> Failure to Question the Sufficiency of the Evidence. When there has been a trial by jury, the failure of a defendant to move for a directed verdict at the conclusion of the evidence presented by the prosecution and at the close of the case because of insufficiency of the evidence will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the jury verdict.

We note that although Collins characterizes trial counsel's omission as a failure to move for directed verdict "at the end of the State's case," both the State and the defense rested after presentation of the State's case, and no motion was made. Thus, counsel failed to question sufficiency of the evidence at the close of all the evidence as well. The rule is firmly established in the law that we do not consider challenge to the sufficiency of the evidence when defendants do not comply with Rule 36.21. *See Cole* v. *State*, 307 Ark. 41, 818 S.W.2d 573 (1991); *Crow* v. *State*, 306 Ark. 411, 814 S.W.2d 909 (1991); *Andrews* v. *State*, 305 Ark. 262, 807 S.W.2d 917 (1991). Collins urges us to ignore his failure to preserve the issue, and our previous decisions, for several reasons.

■ First, Collins claims "it is a violation of federal and

state due process of law to deprive a person of his liberty when there is insufficient evidence to do so." Collins cites cases in support of this general proposition but does not refer us to any cases in which it has been held that such due process rights are compromised by a state's procedural requirements for preserving the issue for appellate review; nor are we aware of any. Furthermore, we have held that even constitutional objections and fundamental constitutional rights can be waived if not adequately preserved for appeal. *See Barnes* v. *State*, 294 Ark. 369, 742 S.W.2d 925 (1988); *Johnson* v. *State*, 303 Ark. 12, 792 S.W.2d 863 (1990). We note that federal appellate courts, under Fed. R. Crim. P. 29, have consistently refused to review sufficiency of the evidence if a motion for judgment of acquittal was not made in the trial court. *See* C. A. Wright, *Federal Practice and Procedure*, Criminal 2d § 469 (1982).

Second, Collins contends we have not consistently applied Rule 36.21. He cites only two cases where we have discussed the merits of the sufficiency argument despite the fact it was not properly preserved for review. In one case, *Remeta* v. *State*, 300 Ark. 92, 777 S.W.2d 833 (1989), although we cited the defendant's failure to comply with the rule, the case was tried a year before the rule became effective and the sufficiency of the evidence was, therefore, properly considered. In *Houston* v. *State*, 299 Ark. 7, 771 S.W.2d 16 (1989), we deviated from Rule 36.21, noting the rule was indeed in effect; however, our discussion of sufficiency in that case simply reinforced our affirmance of Houston's conviction. This isolated case was not a material deviation from our usual adherence to the rule. In no case have we allowed a meritorious argument as to sufficiency of the evidence prevail over the defendant's failure to raise it in the trial court.

In his final three arguments, Collins asserts 1) the inapplicability of the rule to nonjury trials lacks a rational basis and violates federal and state constitutional rights of due process and equal protection; 2) the rule is penal in nature and must be strictly construed; and 3) if applied, the rule should not serve to bar this court from considering a reduction in the charges, as opposed to a dismissal. Collins presents no more than conclusory statements with regard to these arguments, without supporting authority, and we thus decline to consider them. *See Cox* v. *State*, 305 Ark. 244, 808 S.W.2d 306 (1991).

The jury's verdict and sentence is affirmed.