Ronald J. GREER *v.* STATE of Arkansas

CR 92-619                                                    837 S.W.2d 884

Supreme Court of Arkansas
Opinion delivered October 5, 1992

*Hubert W. Alexander*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Cathy Derden*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. On May 2, 1991, about midnight, a police officer saw Ronald Greer, appellant, drive his vehicle to the left of the center line on a roadway. The officer followed appellant and saw him again drive to the left of the center line. The officer stopped him and asked to see his driver's license and, at that time, smelled a strong odor of intoxicants about the appellant, and noticed that his face was flushed, that his eyes were watery, and that he was swaying badly. The officer also noticed that he was dressed in a disheveled manner, was very talkative, and had a bottle of whiskey on the floorboard of the vehicle. The appellant could not successfully perform two field sobriety tests. The officer took appellant to the police station, and a breathalyzer test was administered. Appellant registered .11%, by weight, of alcohol in his blood. He was charged by citation with "D.W.I. 5-65-103." A few lines above the charge is the notation ".119%." The circuit court, in a non-jury trial, excluded the evidence of the breathalyzer test because there was no evidence the machine used to perform the test had been timely calibrated, but still found the appellant guilty of driving while intoxicated. The court of appeals certified the case to this court. We affirm the judgment of conviction.

Appellant first argues that Ark. Code Ann. § 5-65-103(b) (1987), which makes it illegal to drive a motor vehicle with a .10% or greater blood alcohol level, and Ark. Code Ann. § 5-65-206(a) (1987), which creates statutory presumptions according to the result of an alcohol-content test, are in conflict, and, as a result, the statutes are so vague and uncertain that they are unconstitutional. Since the test for appellant's blood alcohol level was ruled inadmissible, and appellant was not found guilty under the cited subsections, he has no standing to challenge them. In order to challenge the constitutionality of a statute, a person must demonstrate that the challenged statute had a prejudicial impact on him. *Montgomery* v. *State*, 277 Ark. 95, 640 S.W.2d 108 (1982). Thus, we do not address this point.

■ Appellant next argues that the "trial court abused its authority and discretion by substituting its opinion for that of the arresting officer as to the intoxication of the appellant at the roadside site." Appellant's argument is a challenge to the sufficiency of the evidence, and, since appellant did not move for a directed verdict at the close of all the evidence, we do not address the issue even though this was a bench trial. *See Collins* v. *State*, 308 Ark. 536, 826 S.W.2d 231 (1992).

■ At trial appellant contended that the breathalyzer test results were not admissible until the State first produced evidence of certification of the machine. The State's attorney indicated that the machine was properly certified. The trial judge reserved ruling on the issue until the State's attorney could produce the evidence. The State never produced the certification. The trial judge stated that he would research the statutes on the issue before ruling. There was no objection to the procedure. Subsequently, the trial judge ruled the test result inadmissible. Appellant now contends the delay in ruling constitutes error. Since appellant did not object to the procedure, we do not address it.

■ Appellant's final point of appeal is that he was charged with violating Ark. Code Ann. § 5-65-103(b) (1987), which makes it illegal to operate a vehicle while having .10% or greater blood alcohol content, but was wrongfully convicted of violating Ark. Code Ann. § 5-65-103(a), which prohibits operating a vehicle while intoxicated. The argument has no merit, either factually or legally. Factually, even though the citation contained the notation ".119%," the actual charge was "D.W.I. 5-65-103." The citation did not specify either subsection (a) or (b). Legally, it would not matter if he had been charged under subsection (b), but convicted under subsection (a). The two subsections are simply two different ways to prove a single violation. *Yacono* v. *State*, 285 Ark. 130, 685 S.W.2d 500 (1985).

Affirmed.