Troy BRADLEY *v.* STATE of Arkansas

CA CR 92-782                                  849 S.W.2d 8

Court of Appeals of Arkansas
Division I
Opinion delivered April 7, 1993

*Howard M. Holthott*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Catherine Templeton*, Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant's only argument in this case is that the evidence is insufficient to support his conviction. He was tried by the judge without a jury.

In an eleven sentence argument, the State's only response is that we should not consider the issue of the sufficiency of the evidence because appellant failed to make a motion for directed verdict at trial, either at the close of the State's case or at the close of all the evidence. The State relies on Ark. R. Crim. P. 36.21, *Greer v. State*, 310 Ark. 522, 837 S.W.2d 884 (1992) and *Collins*

v. *State*, 308 Ark. 536, 826 S.W.2d 231 (1992). Rule 36.21 provides:

> When there has been a trial by jury, the failure of a defendant to move for a directed verdict at the conclusion of the evidence presented by the prosecution and at the close of the case because of insufficiency of the evidence will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the jury verdict.

In *Igwe* v. *State*, 312 Ark. 220, 849 S.W.2d 462 (1993), the Arkansas Supreme Court held there is no authority for applying the requirement of Rule 36.21 in a non-jury situation and cited several cases of this court in which we held the rule does not apply in non-jury situations. Our supreme court pointed out that *Collins* was an appeal from a judgment which resulted from a jury trial and overruled *Greer* to the extent it required a criminal defendant in a non-jury trial to move for a directed verdict at the conclusion of the evidence to preserve the issue of the sufficiency of the evidence.

Because the State's brief in the instant case was filed before the supreme court's opinion in *Igwe* was filed, we think it is proper to afford the State an opportunity to file a new brief and respond to appellant's argument on the sufficiency of the evidence. This is in keeping with our past procedure where we allowed an appellant to file a new brief when his abstract was insufficient, *Gass* v. *State*, 16 Ark. App. 202, 699 S.W.2d 408 (1985), and where we directed *both* sides to rebrief an issue not mentioned by either side, *Jones* v. *State*, 27 Ark. App. 24, 765 S.W.2d 15 (1989).

The State is given 30 days from today to file its brief, and the appellant may file a reply within 20 days thereafter.