James CUMMINGS *v.* STATE of Arkansas

CR 93-367                                    869 S.W.2d 17

Supreme Court of Arkansas
Opinion delivered January 24, 1994

*William R. Simpson, Jr.*, Public Defender, by: *Bret Qualls*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. This is an appeal from criminal convictions on charges of possession of a controlled substance with intent to deliver, fleeing, and refusal to submit. The appellant, James Quincy Cummings, was sentenced to thirty-five years for possession, thirty days for fleeing, and ninety days for refusal to submit, with the latter two sentences to run concurrently with the first.

On appeal, Cummings argues a single point for reversal, namely that the evidence produced by the State was insufficient to support a conviction for possession of a controlled substance with intent to deliver. The issue, however, has not been properly preserved for appeal, and this court cannot consider it.

On June 18, 1992, the Pulaski County Prosecuting Attorney filed an information charging Cummings with the offenses of possession of a controlled substance with intent to deliver, fleeing, and refusal to submit. The record reveals that on the night of April 1, 1992, Officers David Smith and Tommy Hudson of the Little Rock Police Department were on patrol in an area of the city that Smith characterized as "notorious" for sales of narcotics. They observed a man they identified as Cummings standing on a sidewalk and talking through a passenger window to a person seated in a car.

Both policemen stated that Cummings had money in his hand — a "wad," according to Officer Smith. Surmising on the basis of past experiences in the area that a drug transaction might be in progress, the officers made a U-turn and approached the vehicle, which took off. The patrolmen stopped where the other car had been parked and approached Cummings, who fled on foot. As he ran, both officers recounted, he threw down a clear plastic bag.

Officers Smith and Hudson pursued Cummings around the corner of an apartment complex and apprehended him in front of a coin-operated laundry, where a brief altercation occurred as the officers attempted to take the suspect into custody. Neither officer stopped to pick up the discarded bag while giving chase, but after the arrest Officer Smith returned to the place where it

had been dropped and retrieved it. He later initialed the bag and turned it over to Detective Robert Martin, who delivered it to the Arkansas State Crime Lab for analysis. Subsequent examination by Linda Burdick of the State Crime Lab showed that the contents of the plastic bag consisted of 2.795 grams of cocaine base.

After a jury trial, Cummings was convicted of all counts with which he was charged and was sentenced to thirty-five years for possession of a controlled substance with intent to deliver, thirty days for fleeing, and ninety days for refusal to submit. The latter two sentences were ordered to run concurrently with the thirty-five years imposed for possession.

Cummings argues on appeal that the evidence presented at trial was not sufficient to support his conviction on the charge of possession of a controlled substance with intent to deliver. He insists that, even if he had briefly held the cocaine, his "fleeting handling" of the controlled substance did not amount to the species of control that can rightly be denominated "possession." Any handling of the drugs, he asserts, "was, at the most, passing and shadowy in nature."

This argument, however ingenious, may not be addressed. At the close of the State's case, Cummings neglected to properly challenge the sufficiency of the evidence regarding possession through a motion for directed verdict.

Rule 36.21(b) of the Arkansas Rules of Criminal Procedure explicitly provides:

> When there has been a trial by jury, the failure of a defendant to move for a directed verdict at the conclusion of the evidence presented by the prosecution and at the close of the case because of insufficiency of the evidence will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the jury verdict.

*See Hayes* v. *State*, 312 Ark. 349, 849 S.W.2d 501 (1993); *Collins* v. *State*, 308 Ark. 536, 826 S.W.2d 231 (1992); *DeWitt* v. *State*, 306 Ark. 559, 815 S.W.2d 942 (1991). In no case has this court allowed a meritorious argument on the sufficiency of the evidence to prevail over the defendant's failure to raise it in the trial court. *Collins* v. *State, supra.*

In the present case, after the prosecution rested, the trial court called counsel for the State and counsel for the defense to the bench. The following exchange occurred between the trial judge and the public defender:

THE COURT: Make your normal and customary and usual motions, and those motions are —

MR. DEVINE: Your Honor, specific — okay.

THE COURT: — considered and overruled.

MR. DEVINE: Specifically, as to Count II, the felony fleeing charge, Your Honor, I don't believe that there would be sufficient evidence to go past this point on that due to the lack of injury on the part of Officer Smith here. I would also move to dismiss all these counts in that they fail to — the testimony that has been shown here today fails to make the proof that was alleged in the felony information, I believe, the allegation is that the incidents occurred on or about the date of April the 10th of 1992. I believe all the testimony that has been before the court today is that this occurred or these incidents occurred on April the 1st of '92. It would be our position that the State has not met its burden of proof in regards to what they've alleged in the felony information.

MR. RUPLE: I think you'll find an amended information in the file, Your Honor.

MR. DEVINE: And I'd like to be privy to that, 'cause I have never heard of it.

THE COURT: They did it. It was filed August the 12th.

MR. DEVINE: Okay. Well, I never got a copy of it.

MR. RUPLE: Well, it is in the file.

THE COURT: And I'd show that those motions are denied.

The public defender made a few more comments about the amended information, and the trial court then, in the jury's hearing, directed him to call his first witness.

Following the close of the case for the defense, court was recessed, at which time the jury instructions were discussed and

the public defender stated that "we renew all of our motions again," to which the trial court responded, "At this time, at the close of all the case, the defendant renews all of the motions made at the close of the State's case and those motions are again denied."

Although, at the close of the State's case, counsel for Cummings, without making a formal motion for a directed verdict, challenged the sufficiency of the evidence concerning the fleeing charge (which he has not appealed), yet he was silent on the issue of possession. It is clear from the context of the dialogue reproduced above that the public defender's assertion that "the State has not met its burden of proof in regards to what they've alleged in the felony information" was made solely in reference to the incorrect date on the original information and did not embrace any other evidentiary concern.

The trial court in turn merely alluded to the "normal and customary and usual motions" as it issued a blanket denial. Following the close of the defendant's case, the public defender made a general renewal of "all of our motions."

The situation here closely resembles that in *Middleton* v. *State*, 311 Ark. 307, 842 S.W.2d 434 (1992), where this court discussed a sufficiency argument that had not been preserved for appellate review:

> The record reflects that appellant waived his right to challenge the sufficiency of the evidence by failing to make a motion for directed verdict at the close of the state's case before presenting evidence on his behalf. In addition, appellant again waived this argument when at the close of all evidence, he merely made "the usual motions." A challenge to the sufficiency of the evidence, whenever it is made, requires a specific motion to apprise the trial court of the particular point raised; a general "usual motion" such as the one made by appellant will not suffice. Rule 36.21(b) is strictly construed. *Easter* v. *State*, 306 Ark. 452, 815 S.W.2d 924 (1991). We adhere to that strict construction and do not consider the merits of appellant's challenge to the sufficiency of the evidence due to his waiver. *McArthur* v. *State*, 309 Ark. 196, 830 S.W.2d 842 (1992).

311 Ark. at 309, 842 S.W.2d at 435.

Counsel as well as trial courts have often, in their efforts to expedite proceedings, treated various matters, including motions for directed verdict, in a rather cursory fashion. Consequently, a premium has too often been placed, unintentionally, on procedural convenience at the expense of the observance of certain basic requirements. Rule 36.21 specifically requires that a defendant who wishes to challenge the sufficiency of the evidence move for a directed verdict at the close of the State's case and at the close of the whole case. Failure to do so, we have repeatedly held, constitutes waiver of any question pertaining to the sufficiency of the evidence. *DeWitt* v. *State, supra.*

The reason for the rule is obvious. As we stated in *Rudd* v. *State*, 308 Ark. 401, 405, 825 S.W.2d 565, 567 (1992):

> [A] motion for a directed verdict at the close of the plaintiff's case has as its purpose a procedure for determining whether the plaintiff has met the burden of establishing a prima facie case, with that question to be resolved by the court as a matter of law. In the event the motion is overruled, the defendant may elect to stand on the motion or to go forward with the production of additional evidence, in which case he has waived any further reliance upon the former motion.

A motion for a directed verdict at the close of the entire case is rendered necessary, of course, by virtue of the automatic waiver that occurs when the defendant proceeds to mount a case.

In view of our strict construction of Ark. R. Crim. P. 36.21(b), we cannot consider Cummings's sufficiency argument. The judgment of the trial court is affirmed.