Kenneth STRICKLAND *v.* STATE of Arkansas

CR 94-879                                    909 S.W.2d 318

Supreme Court of Arkansas
Opinion delivered November 6, 1995

*James P. Clouette*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. This case was certified to us by the Arkansas Court of Appeals as one involving a legal principle of major importance. We accepted the certification with a view toward clarifying the requirements in our rules with respect to whether a defendant in a criminal trial conducted by a judge without a jury must apprise the Trial Court of the particulars of his or her claim that the evidence is insufficient to support a conviction in order to raise the issue on appeal. We hold there is no need to make such a motion in a bench trial in order to raise the issue on appeal. We affirm the conviction in this case as the evidence was sufficient to support the judgment.

Kenneth Strickland, the appellant, was the stepfather of a 12-year-old female child who accused him of sexual abuse. When the conduct allegedly occurred, Mr. Strickland was 43 years old. The child alleged, and later testified at trial, that Mr. Strickland fondled her breast.

The child testified that Mr. Strickland asked her to lie in bed with him while her mother was away from home. When she complied, he put his arm around her shoulder and began rubbing her breast. She said she began crying and was told to shut up but then was allowed to leave him and go to her room. She testified that she told a friend about the incident the next day. The friend's mother notified school officials, and that led to the charge of sexual abuse in the first degree.

Mr. Strickland waived his right to a trial by jury. At the ensuing bench trial he denied the alleged event had occurred and said the child had made up the story due to jealousy as the result of attention given to him by his wife, the child's mother. Mr. Strickland's counsel did not challenge the sufficiency of the evidence at the conclusion of the State's evidence. In his closing statement, however, defense counsel asked for acquittal stating, "Your Honor, . . . I don't feel that [the State has] met their burden of proof beyond a reasonable doubt."

The Trial Court found Mr. Strickland guilty and sentenced him to five years probation, ninety days in the county jail, a $1,000 fine and 250 hours of community service. Mr. Strickland questions the sufficiency of the evidence.

### 1. Bench trial; questioning sufficiency of the evidence

The State contends that the issue of the sufficiency of the evidence is not preserved for appellate review because Mr. Strickland failed to raise the issue at trial in the manner required by Ark. R. Crim. P. 33.1 (previously rule 36.21).

Rule 36.21(b), which was in effect when the trial took place, provided:

> Failure to Question the Sufficiency of the Evidence. When there has been a trial by jury, the failure of a defendant to move for a directed verdict at the conclusion of the evidence presented by the prosecution and at the close of the case because of insufficiency of the evidence will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the jury verdict.

The rule has since been amended, renumbered as Rule 33.1, and retitled "Motions for Directed Verdict and Special Procedures During Jury Trial." *See In re: Motions for Directed Verdict in Criminal Cases*, 321 Ark. 698 (1995). As amended, the rule provides:

> When there has been a trial by jury, the failure of a defendant to move for a directed verdict at the conclusion of the evidence presented by the prosecution and again at the close of the case because of insufficiency of the evidence

> will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the jury verdict. A motion for a directed verdict based on insufficiency of the evidence must specify the respect in which the evidence is deficient; a motion merely stating that the evidence is insufficient for conviction does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. A renewal of a previous motion for a directed verdict at the close of all of the evidence preserves the issue of insufficient evidence for appeal.

Rule 36.21(b) and its replacement, Rule 33.1, by their very terms apply only "When there has been a trial by jury." The State argues that, despite the language of the rule, we have required criminal defendants at bench trials to move for a "directed verdict" to preserve the sufficiency of the evidence issue for appeal. In support of the argument the State relies on *Igwe v. State*, 312 Ark. 220, 849 S.W.2d 462 (1993), and *Stricklin v. State*, 318 Ark 36, 883 S.W.2d 465 (1994).

In the *Igwe* case, the appellant was convicted in a bench trial and appealed questioning the sufficiency of the evidence. The State contended that failure to renew a "directed verdict" motion at the close of the evidence barred appellate review of the sufficiency of the evidence. We held that "in a trial by the court without a jury, it is unnecessary to raise the question of sufficiency of the evidence by motion at the close of the trial to preserve the issue for appeal."

In the opinion, we discussed that part of *Greer v. State*, 310 Ark. 522, 837 S.W.2d 884 (1992), which stated, "Appellant's argument is a challenge to the sufficiency of the evidence, and, since appellant did not move for a directed verdict at the close of all the evidence, we do not address the issue even though this was a bench trial." We said, "In the *Greer* case we obviously realized we were dealing with a bench trial rather than a jury trial, but we said the motion was required despite that fact without spelling out our reasons."

In overruling that part of the *Greer* case which required a criminal defendant in a non-jury trial to move for a directed verdict at the conclusion of the evidence to preserve the issue of the

sufficiency of the evidence on appeal, we stated, "We find no authority for applying the requirement of Rule 36.21 in a non-jury situation."

In *Stricklin* v. *State, supra,* the appellant moved for a directed verdict on specific grounds as to each count at the close of the State's evidence and renewed the motions at the close of all the evidence. After a bench trial, the appellant was found guilty on all counts. On appeal he argued the Trial Court erred in denying his directed verdict motions for two specific reasons which were not presented to the Trial Court. We affirmed and stated:

> To conclude, in contravention of our established law applicable to proper preservation of issues for appellate review, appellant argued three grounds for his motion at trial, but bases his argument on appeal on two entirely different specific grounds, neither of which was raised at trial. In consequence, we summarily dispose of the argument, and will not consider it for the first time on appeal. *Brown* [v. *State*], 316 Ark. 724, 875 S.W.2d 828.

*Brown* v. *State* was a case tried before a jury.

In *Graham* v. *State,* 314 Ark. 152, 861 S.W.2d 299 (1993), the Trial Court found Graham guilty of promoting a sexual performance by a child under the age of seventeen and held that he had failed to produce proof of an affirmative defense. The appellant asserted to this Court that the Trial Court erred in failing to grant his motions for directed verdict at the close of the State's case and at the close of all evidence. In reversing the conviction, we stated, "It is, of course, unnecessary in a trial by the court without a jury for the defense to renew its motion for a directed verdict at the close of the trial in order to preserve the issue for appeal. *Igwe* v. *State,* 312 Ark. 220, 849 S.W.2d 462 (1993)."

The *Igwe* case presented only the question whether renewal at the close of the case of the motion for directed verdict was required in a bench trial, so that was the only question answered. The State contends that decision thus did not affect a general requirement that sufficiency of the evidence be challenged at some point in a bench trial. We understand the State's narrow reading of the case, but we find it inconsistent with the rationale

expressed in the *Igwe* case opinion. There, we found it necessary to overrule *Greer* v. *State, supra,* in which we had said a motion for a directed verdict at the close of all the evidence was necessary to preserve the issue of sufficiency of the evidence for appeal. Our explanation was twofold:

> The issue we consider here was not argued by the parties in the *Greer* case. Any reasons we may have had for applying the requirement of a motion for a directed verdict at the close of a criminal bench trial are easily overcome when we consider the clear wording of the Rule limiting the requirement to jury trials *and our assumption that the main purpose of a judge trying a case without a jury is to determine the guilt or innocence of the accused with the sufficiency of the evidence as the point of the trial.* [Emphasis supplied.]

■ It may be necessary, and certainly economic, to grant a directed verdict motion to keep a case from a jury when it is clear that the evidence is insufficient to support any conviction the jury might return. Our assumption, however, expressed in the *Igwe* opinion was that motions for directed verdict are superfluous when there is a trial without a jury as the judge would only be directing his own verdict and the entire purpose of a bench trial is to have the judge, rather than a jury, ascertain the sufficiency of the evidence to convict.

If the *Igwe* decision meant that a defendant need not challenge the sufficiency of the evidence in order to preserve that issue for appeal, then it cannot be reconciled with our more recent decision in the *Stricklin* case. If there is no need whatever for a defendant to challenge the sufficiency of the evidence to preserve that issue for review, then it is illogical to say that, if he or she does so, he or she is bound to the specifics of the challenge and may not expand or supplant them on appeal.

In our opinion in the *Igwe* case, we referred to *Bass* v. *Koller,* 276 Ark. 93, 632 S.W.2d 410 (1982), and the practice in civil cases pursuant to Ark. R. Civ. P. 50(e) which, by its terms, requires the directed verdict motion be made and renewed only in jury trial cases. Discussing the *Bass* case, we said:

It was the first time we were called upon to decide whether Rule 50(e) applied to a non-jury trial. We concluded the Rule meant exactly what it said and noted that prior to the adoption of the Rule there was a requirement that the matters stated in Rule 50(e) applied both to a jury and non-jury trial. We held that, by specifically stating that it applies to a jury trial, the Rule by implication excluded applicability to cases tried without a jury.

Rule 50(e) is, by its terms, limited to jury trials. Rule 50(a), however, provides in part:

In nonjury cases a party may challenge the sufficiency of the evidence at the conclusion of the opponent's evidence by moving either orally or in writing to dismiss the opposing party's claim for relief. The motion may also be made at the close of all of the evidence and in every instance the motion shall state the specific grounds therefor.

Rule 50(a) thus provides a means of challenging the sufficiency of the evidence in a bench trial not found in the criminal procedure rules. Use of the motion is obviously discretionary rather than mandatory because the rule provides that a party "may" make such a motion. The fact that the motion is optional keeps the use of it from being a requirement for preservation of the sufficiency issue for appeal. Rule 50(e), on the other hand, specifies that failure to make and renew a directed verdict motion in a jury trial waives any question pertaining to sufficiency of the evidence but makes no such provision with respect to the motion to dismiss in a non-jury trial.

■ Our supposition in the *Igwe* case was that a Trial Court, sitting as a trier of fact, would be sufficiently aware of the evidence and the elements of the crime that no such motion would be necessary, and that is why our rules do not require the motion to dismiss in non-jury-trial cases. We adhere to that supposition today, and we overrule *Stricklin* v. *State, supra,* to the extent it is inconsistent with this decision.

## 2. Sufficiency of the evidence

Arkansas Code Ann. § 5-14-108 (Repl. 1993) provides in part:

A person commits sexual abuse in the first degree if: Being

eighteen (18) years old or older, he engages in sexual contact with a person not his spouse who is less than fourteen (14) years old . . . .

The pertinent part of the definition of "sexual contact" is contained in Ark. Code Ann. § 5-14-101(8) as "any act of sexual gratification involving the touching, directly or through clothing, of the sex organs . . . of a person or the breast of a female."

■ Mr. Strickland contends the State failed to satisfy its burden of proof because there was neither evidence that he touched a sex organ nor that the touching was an act of sexual gratification. First, he argues the child did not demonstrate her knowledge as to the significance of a breast and that the failure to demonstrate such knowledge had some legal effect on whether a sex organ was touched. The argument completely ignores the last part of the definition of sexual contact where it plainly states "or the breast of a female."

■ Second, Mr. Strickland claims that there was insufficient evidence as to whether the touching was for sexual gratification. "Sexual gratification" is not defined in the statute, but we have construed the words in accordance with their reasonable and commonly accepted meanings. *Warren v. State*, 314 Ark. 192, 862 S.W.2d 222 (1993); *McGalliard v. State*, 306 Ark. 181, 813 S.W.2d 768 (1991).

■ It is not necessary for the State to provide direct proof that an act is done for sexual gratification if it can be assumed that the desire for sexual gratification is a plausible reason for the act. *See Holloway v. State*, 312 Ark. 306, 849 S.W.2d 473 (1993); *Holbert v. State*, 308 Ark. 672, 826 S.W.2d 284 (1992); *McGalliard v. State, supra.* The child testified that Mr. Strickland called her to the bedroom, asked her to lie down and fondled her breast for five or ten minutes. Under the circumstances, the Trial Court could properly infer that the fondling was for the purpose of sexual gratification. The evidence was sufficient to sustain the conviction.

Affirmed.

DUDLEY, GLAZE, and CORBIN, JJ., concur.

ROBERT H. DUDLEY, Justice, concurring. I concur with the

result reached in the majority opinion. This concurring opinion is written to state the reasons I would amend A.R.Cr.P Rule 36.21 to require that a defendant state to the trial court the missing evidence in a motion for acquittal based on insufficiency of the evidence. Debate over use of the term "directed verdict" in a bench trial does not join the issue: The issue is whether specific grounds must be stated at trial in order to preserve an argument for appeal about sufficiency of the evidence, no matter what the motion is labeled.

This court repeatedly has taken the position that a party must contemporaneously raise an issue in the trial court before it can be argued on appeal. *See, e.g., Marshall* v. *State*, 316 Ark. 753, 875 S.W.2d 814 (1994); *Withers* v. *State*, 308 Ark. 507, 825 S.W.2d 819 (1992). The current rule disregards this axiom in bench trials. Correspondingly, in jury trials, we have repeatedly made clear the necessity of challenging the sufficiency of the evidence by stating specific grounds. *Reagan* v. *State*, 318 Ark. 380, 885 S.W.2d 849 (1994). In jury trials, the sufficiency of the evidence must be challenged on specific grounds to apprise the trial court of the evidence that is lacking so that the trial court might be specifically apprised of the evidence lacking, and also to allow the State to reopen its case and supply the missing proof if justice so requires. *Walker* v. *State*, 318 Ark. 107, 883 S.W.2d 831 (1994). In jury trials, the rule prevents a defense attorney from tossing out a pro forma motion for directed verdict with no missing proof in mind, and then, on appeal, arguing for the first time about some previously unknown and undisclosed missing proof. The rule ought to employ the same reasoning in providing for bench trials.

If the specific grounds are not stated in a jury trial, an "automatic waiver occurs" on appeal. *Cummings* v. *State*, 315 Ark. 541, 869 S.W.2d 17 (1994). The same reasoning should apply to bench trials.

A number of foreign jurisdictions have rules comparable to Rule 36.21. The rationale for the rule is that a judge is supposed to know the elements of a crime and is supposed to know when the evidence is sufficient to prove those elements. Although, the rationale has some intellectual appeal, it lacks practical applicability. In both jury and bench trials, the judge must determine whether the proof is sufficient. In the jury trial, the judge must

determine the sufficiency of the proof in order to rule on a motion for a directed verdict. In the bench trial, the judge must determine the sufficiency of the proof in order to rule on guilt. Thus, the basis for distinguishing between the two kinds of trials, as the rule currently does, lacks practical applicability. In addition, and perhaps unlike most other jurisdictions, special judges try felony criminal cases in this State, and, since they do not regularly sit as trial judges and may not be as familiar with the elements of multiple crimes and lesser offenses, they ought to be given the benefit of the specific grounds on which the evidence is insufficient. The case at bar was tried by a special judge.

As a practical matter, a criminal bench trial frequently involves multiple crimes. Last week we handed down an opinion in which the trial judge, in a bench trial, found the defendant guilty of six different felonies and revoked probation given on a prior conviction. *Darrough* v. *State*, 322 Ark. 251, 908 S.W.2d 325 (1995) Just as in that case, a defendant at times is charged with three, four, or even more felonies, and those multiple charges will, in turn, include considerably more lesser offenses. The State, in presenting multiple counts at one bench trial, may overlook asking a question of a witness who is present, perhaps a new deputy prosecutor who forgot to ask the witness about the value of a stolen item in one of many counts, and justice would require that the State be allowed to reopen its case to ask the question if the missing evidence were disclosed by requiring specific grounds for a directed verdict. However, Rule 36.21, as presently written, does not require the defendant to state specific grounds. Thus, as the rule now stands, the deputy prosecutor may have forgotten to ask the question about value and, at the trial, no one realized it, and then months later while examining the transcript, the defense attorney discovers the defect in one of the multiple counts. Under the present rule, the attorney could argue the defect for the first time on appeal. The defendant will then go free on that count because of a defect caused by our rule and an unjust result will have been reached.

Under the rule, as it is currently written, a defense attorney might unintentionally mislead a trial court. This case provides a practical example. In the trial court, the defense attorney moved for a directed verdict on the specific ground that the fourteen-year-old prosecutrix lacked credibility and her testimony should not

be believed. The deputy prosecutor responded with reasons her testimony was credible. The trial court found the defendant guilty of first degree sexual abuse of the girl and, in so doing, devoted almost all of its findings of fact to the issue of credibility; however, on appeal, the lack of credibility is not even mentioned in the sufficiency of evidence argument, the sole argument on appeal. Instead, appellant argues that the evidence below was insufficient to prove that the defendant touched the prosecutrix for sexual gratification. By our retaining a rule that allows such an unjust procedure, a defendant can gain a reversal and dismissal on a ground never presented to a trial court. The result directly contradicts our rule that we only reverse a trial court for error committed, or not corrected, by the trial court. *Silvey Cos.* v. *Riley*, 318 Ark. 788, 888 S.W.2d 636 (1994).

For all of the foregoing reasons, I would change A.R.Cr.P. Rule 36.21 to provide that a defendant must state specific grounds for acquittal because of insufficiency of the evidence in a bench trial, just as he must state specific grounds for a directed verdict in a jury trial.

DONALD L. CORBIN, Justice, concurring. I concur in the affirmance of this case, but would affirm based on the procedural issue rather than on the merits. I do not agree that a defendant in a criminal bench trial should be allowed to challenge the sufficiency of the evidence on appeal when he never addressed the issue below or called it to the attention of the trial court with any specificity.

The majority is unable to reconcile *Igwe* v. *State*, 312 Ark. 220, 849 S.W.2d 462 (1993), and *Stricklin* v. *State*, 318 Ark. 36, 883 S.W.2d 465 (1994). Today, the majority admits that the only issue presented in *Igwe*, and therefore the only issue decided therein, was that a motion for directed verdict, once made at some point in a criminal bench trial, need not be renewed at the close of all the evidence in order to preserve that issue on appeal. The majority then expands the holding of *Igwe* to mean that the defendant in a criminal bench trial need not challenge the sufficiency of the evidence *at all* in order to preserve that issue for appeal. Consequently, the majority concludes that "[i]f there is no need whatever for a defendant to challenge the sufficiency of the evidence to preserve that issue for review, then it is illogical to say that, if he or she does so, he or she is bound to the

specifics of the challenge and may not expand or supplant them on appeal."

Because I disagree with the majority's expansion of *Igwe*, I easily reconcile *Igwe* and *Stricklin*. The only issue presented in *Stricklin*, and therefore the only issue decided therein, was that a defendant in a criminal bench trial cannot challenge the sufficiency of the evidence on a particular basis below and then change the basis on appeal. That holding is no more than an application of the general rule (which remained unaffected by *Igwe*) that, in order to preserve arguments for appellate review, they must be presented to the trial court for a ruling — for there can be no appellate review if there is no ruling to review. Therefore, *Stricklin* effectively held that a defendant in a criminal bench trial must challenge the sufficiency of the evidence at some point in the trial. Such a holding is consistent with the original non-expanded holding of *Igwe* — that a criminal defendant need not renew a motion for directed verdict *once made*.

The majority's application of the assumption expressed in *Igwe* that a motion for directed verdict is superfluous in a bench trial because the judge would only be directing his own verdict in a trial, the main purpose of which was to have a judge rather than a jury ascertain the sufficiency of the evidence, runs afoul of the principle that the state be allowed the opportunity to supply any missing evidence identified by the defendant. Preservation of this principle is essential to the people's right to a fair trial — a right that should exist in both bench and jury trials. The majority's decision today deprives the state of its right to a fair trial because it allows a defendant in a bench trial to remain obtuse and silent during the course of the trial and then possibly obtain reversal on appeal on an issue that was never identified to the trial court.

It is quite fair and reasonable to presume, as the majority does in this case, that a trial court knows the elements of a crime. However, it is unreasonable to expect the people of this state and the trial court to be subject to a trial by ambush, such as when multiple offenses with different elements are tried or when a multitude of witnesses extend the trial for several days or weeks. While this state is blessed with very capable trial judges, they are still human and susceptible to human weakness. A motion for a

directed verdict should be specific so as to inform the trial court what insufficiencies are exposed by failure of proof, and to allow the trial court to reflect on the issue and give an informed decision. That is the basis upon which I wrote *Stricklin* and the reason I continue to support a requirement that the state be treated equally in a bench trial as well as a jury trial, in that both classes of defendants must identify the alleged insufficiency in the proceedings below when challenging the sufficiency of the evidence on appeal. Judicial economy alone would justify such a requirement. This principle is so closely related to the contemporaneous objection rule as to be the norm, rather than the exception. I would therefore affirm the judgment of conviction on the basis that the issue of the sufficiency of the evidence was not preserved for appeal.

GLAZE, J., joins in this concurrence.