Mr. Rodney Crownover, LSW Chair, Social Work Licensing Board 2020 W. Third Street, Suite 503 P.O. Box 250381 Little Rock, AR 72225
Dear Mr. Crownover:
You have requested an Attorney General opinion in response to the following questions:
 (1) How can A.C.A. § 9-9-212(b) and A.C.A. § 9-8-102(a)(1), both of which appear to allow licensed social workers (as opposed to licensed certified social workers) to conduct home studies, be reconciled with the requirement of the Social Work Licensing Act [stated in A.C.A. § 17-46-301(b)], that a person be licensed as a licensed certified social worker in order to engage in the independent or private practice of social work?
 (2) What is the effect of the Social Work Licensing Act requirement that any private independent practice of social work be engaged in only by a licensed certified social worker [A.C.A. § 17-46-301(b)] considering the enactment of the subsequent laws mentioned in Question 1 (i.e., A.C.A. § 9-9-212)b) and A.C.A. § 9-8-102(a)(1)?
 (3) Under what circumstances and conditions can an individual other than a licensed certified social worker engage in the private independent practice of social work?
RESPONSE
Question 1 — How can A.C.A. § 9-9-212(b) and A.C.A. § 9-8-102(a)(1), bothof which appear to allow licensed social workers (as opposed to licensedcertified social workers) to conduct home studies, be reconciled with therequirement of the Social Work Licensing Act [stated in A.C.A. §17-46-301(b)], that a person be licensed as a licensed certified socialworker in order to engage in the independent or private practice ofsocial work?
It is my opinion that the provisions of A.C.A. § 9-9-212(b) and A.C.A. §9-8-102(a)(1) do not conflict with the requirement of the Social Work Licensing Act that is stated in A.C.A. § 17-46-301(b).
The Social Work Licensing Act requires that a person be licensed as a licensed certified social worker in order to engage in "the independent or private practice of social work." A.C.A. § 17-46-301(b).
A.C.A. § 9-9-212(b), which is a part of the set of laws governing adoptions, authorizes a court, upon the filing of a petition for adoption, to appoint a licensed social worker (as opposed to a licensed certified social worker) to conduct an investigation into the conditions of the minor who is sought to be adopted and of the petitioner. Similarly, A.C.A. § 9-8-102(a)(1) authorizes a person who has been ordered to conduct such an investigation to charge a fee for doing so.
In order for the authorization of these two statutes to be deemed in conflict with the above-stated requirement of the Social Work Licensing Act [A.C.A. § 17-46-301(b)], the authorized investigation must constitute "the independent or private practice of social work," within the meaning of the Social Work Licensing Act. It is my opinion that the investigation does not constitute "the independent or private practice of social work."
The investigation that is referred to in A.C.A. § 9-9-212(b) is specifically described as follows:
 The investigation shall inquire into the conditions and antecedents of a minor sought to be adopted and of the petitioner for the purpose of ascertaining whether the adoptive home is a suitable home for the minor and whether the proposed adoption is in the best interest of the minor.
A.C.A. § 9-9-212(b).
The phrase "independent or private practice of social work," as used in the Social Work Licensing Act, is not defined. However, the phrase "practice of social work" is defined in the Act as follows:
 "Practice of social work" means a professional service which effects change in social conditions, human behavior, and emotional responses of individuals, couples, families, groups, and organizations. "Social work practice" can only be performed with specialized knowledge and skills related to human development, the potential for human growth, the availability of social resources, and the knowledge of social systems. The disciplined application of social work knowledge and skills includes, but is not restricted to, the following:
 (A) Counseling with individuals, couples, families, and groups for purposes of assessment and enhancement of the problem-solving and coping capacities of people; and
 (B) The application of social work knowledge and skills in social planning, administration, and research.
A.C.A. § 17-46-103(2).
Because the words "independent" and "private" (as used in conjunction with the above-quoted definition) are not defined in the Act, it is appropriate that they be given their reasonable and commonly accepted meanings. Strickland v. State, 322 Ark. 312, 909 S.W.2d 318 (1995); Smithv. Walt Bennett Ford, Inc., 314 Ark. 591, 864 S.W.2d 817 (1993). The word "independent" is defined in the Merriam-Webster Dictionary to mean "Self-governing; not affiliated with a larger controlling unit." The word "private" is defined in the Merrian-Webster Dictionary to mean "Carried on by the individual independently."
Neither of these common meanings could be used to describe the investigation that is authorized by A.C.A. § 9-9-212(b) or by9-8-102(a)(1). That type of investigation does not, in my opinion, constitute "the independent or private practice of social work," within the meaning of the Act. The investigation is not carried out independently or privately, because the investigator is not self-governing and is accountable to a larger controlling unit.
For these reasons, I conclude that the investigation that is authorized by A.C.A. § 9-9-212(b) and by 9-8-102(a)(1) does not constitute "the independent or private practice of social work," within the meaning of the Social Work Licensing Act. Accordingly, there is no conflict between the Act and those two statutes.[1]
Question 2 — What is the effect of the Social Work Licensing Actrequirement that any private independent practice of social work beengaged in only by a licensed certified social worker [A.C.A. §17-46-301(b)] considering the enactment of the subsequent laws mentionedin Question 1 (i.e., A.C.A. § 9-9-212(b) and A.C.A. § 9-8-102(a)(1)?
It is my opinion that the subsequent enactment of A.C.A. § 9-9-212(b) and A.C.A. § 9-8-102(a)(1) had no effect on the requirement of the Social Work Licensing Act that any private independent practice of social work be engaged in only by a licensed certified social worker [A.C.A. § 17-46-301(b)]. As explained in response to Question 1, these two statutory provisions do not authorize licensed social workers to engage in any act that constitutes the independent or private practice of social work. Therefore, the requirement of the Act remains the same, despite these two statutes.
Question 3 — Under what circumstances and conditions can an individualother than a licensed certified social worker engage in the privateindependent practice of social work?
It is my opinion that under the plain language of the Social Work Licensing Act, only persons who are licensed certified social workers may engage in the private independent practice of social work. See response to Question 1.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh
[1] It should be noted that a previous administration reached a similar conclusion in Op. Att'y Gen. No. 86-144. However, that opinion also concluded that the investigation does not constitute the "practice of social work." This conclusion was based on the idea that the investigation is conducted for purposes of gathering information about adults who are interested in adopting, rather than for the purpose of providing professional service calculated to effect "change in social conditions, human behavior, emotional responses" or the "enhancement of problem solving coping capacities" of clients [as required by the definition of "practice of social work," see A.C.A. § 17-46-103(2)]. Although I have reached the same ultimate conclusion as was reached in Opinion No. 86-144, I disagree with this analysis concerning the investigation. It is my opinion that the investigation does fall within the statutory definition of the "practice of social work." However, as explained above, it does not constitute the "independent or private practice of social work."