AFFIRM; and Opinion Filed August 2, 2013.



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

No. 05-12-00634-CR

_____

**PAUL CLARENCE BAILEY**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-81879-09**

# MEMORANDUM OPINION

Before Justices O'Neill, Francis, and Fillmore
Opinion by Justice O'Neill

A jury convicted appellant Paul Clarence Bailey of aggravated assault with a deadly weapon. The trial court sentenced him to five years in prison. In his first issue, appellant argues the trial court erred by denying his request for self-representation. In his second issue, he claims the trial court abused its discretion by failing to hold an evidentiary hearing on his motion for new trial. We affirm.

Because the background facts are known to the parties, we recite only those relevant to disposition of this appeal. TEX. R. APP. P. 47.1.

## Waiver of Right to Counsel

In his first issue, appellant argues the trial court erred by failing to determine whether he knowingly, voluntarily, and intelligently waived his right to counsel before denying his request

for self-representation. The State responds that although appellant requested to proceed pro se, the record indicates he later abandoned his request and waived his right to self-representation.

A criminal defendant has a right to assistance of counsel in state court, guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. *Hatten v. State*, 71 S.W.3d 332, 333 (Tex. Crim. App. 2002) (citing *Gideon v. Wainwright*, 372 U.S. 335 (1963)). The criminal defendant also, however, has the right to waive counsel and represent himself. *Hatten*, 71 S.W.3d at 333; *see also Faretta v. California*, 422 U.S. 806, 807 (1975). If a defendant asserts his right to represent himself, the trial court must advise the accused of the consequences of self-representation. *Robinson v. State*, 387 S.W.3d 815, 820 (Tex. App.—Eastland 2012, no pet.).

When a criminal defendant chooses to waive his right to counsel and represent himself, the waiver should be made "knowingly and intelligently," and he should be warned of the "dangers and disadvantages" accompanying such waiver. *Faretta*, 422 U.S. at 835–36. The right to self-representation does not attach, however, until it is clearly and unequivocally asserted. *See Walton v. State*, No. 05-08-00382-CR, 2010 WL 256630, at *1 (Tex. App.—Dallas Jan. 25, 2010, no pet.) (not designated for publication).

A defendant may also waive his right to represent himself after he has asserted the right. *Id.* Moreover, waiver may be found if it reasonably appears to the court that the defendant has abandoned his initial request to represent himself. *Funderburg v. State*, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986); *see also Alford v. State*, 367 S.W.3d 855, 862 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). Of course, a defendant has not waived his right to self-representation if he has merely acquiesced to a trial court's unmistakable denial of his request to represent himself. *Funderburg*, 717 S.W.2d at 642.

We review the trial court's factual determination of whether the defendant elected to represent himself for an abuse of discretion. *Walton*, 2010 WL 256630, at \*1; *see also DeGroot v. State*, 24 S.W.3d 456, 457 (Tex. App.—Corpus Christi 2000, no pet.).

The record reveals the trial court appointed and withdrew appointments for multiple attorneys. On January 12, 2012, the trial court sent a letter to the parties stating in part that

> At Mr. Bailey's request, this case was set for hearing on December 12, 201[1] at 9:00 AM to consider Mr. Bailey's request to proceed *pro se*. On December 11, 201[1], Mr. Gibbs appeared with Mr. DeLaGarza in chambers and advised the Court that Mr. DeLaGarza requested permission to withdraw and substitute Mr. Gibbs. The request was granted. Therefore, Mr. Gibbs will serve as Mr. Bailey's attorney, or if he so chooses, standby counsel, at the trial on January 23, 2012.

The month before trial, Gibbs filed subpoenas and numerous documents on appellant's behalf. During a pretrial hearing four days before trial, Gibbs participated in lengthy discussions about the motions and issues in the case.

The State sought clarification during the pretrial hearing regarding who would be handling the case because, "We know that the Defendant has previously asked to proceed as pro se. I know that Mr. Gibbs and Mr. Ledbetter have been appointed as standby counsel." Gibbs responded that according to his recollection, after the trial court granted appellant's motion to proceed pro se, he met with appellant. Gibbs stated, "[H]e instructed me to take over the reigns in this case and to try it and I've proceeded that way." Gibbs further admitted that he and appellant had disagreements over certain defense strategies and that was why he had not made formal notice that he was "taking over this thing." He said appellant had instructed him to pick the jury, but appellant wanted to make his own opening statement. The court denied the request because the law does not give a defendant the right to hybrid representation. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Henry v. State*, 948 S.W.2d 338, 340 (Tex.

App.—Dallas 1997, no pet.). The court further ruled Gibbs would pick the jury, make the opening statement, and control the case.

Appellant continued to argue that there was a very important aspect of his case he wanted brought out in trial. While the "very important aspect" was never specifically discussed on the record, Gibbs made it clear to the trial court that while he had instructed appellant he should not testify, Gibbs would fulfill his obligation and allow appellant to testify should he so decide.

When the trial court asked appellant again if he wanted to continue pro se, appellant said "no," that he really just wanted a certain point clarified and to make sure they were "on the same page." The court ultimately took a break for Gibbs and appellant to talk and to decide "who's going to be the captain of this ship."

After the break, Gibbs told the trial court, ". . . I'm going to run this program entirely." Appellant then responded, "He's finally accepted my idea." Appellant also acknowledged before voir dire that, "[I]t's better to have the attorney represent me than to do it myself." When the trial started, Gibbs conducted voir dire, examined witnesses, and handled all other aspects of the trial.

While we agree the record indicates appellant filed a motion to proceed pro se, which the trial court granted, as detailed above, it can reasonably be inferred from the record that appellant abandoned his request to continue pro se. *See Alford*, 367 S.W.3d at 862; *Funderburg*, 717 S.W.2d at 642 (holding defendant abandoned right to self-representation when he informed the trial court he decided to accept attorney's assistance). Further, appellant never expressed a desire to represent himself without assistance of counsel during the pre-trial hearings, but rather requested hybrid representation. In Texas, there is no right to hybrid representation. *Robinson*, 240 S.W.3d at 922; *Henry*, 948 S.W.2d at 340. Moreover, appellant never disputed Gibbs's statement to the trial court that he was "going to run this program entirely." Thus, appellant

–4–

ultimately decided to accept representation by counsel, thereby abandoning any requests to represent himself. Appellant did not "acquiesce" to any "unmistakable denial of his request to represent himself," but instead "made a conscious, deliberate and voluntary choice to waive a known right." *Funderburg*, 717 S.W.2d at 643. Accordingly, appellant's first issue is overruled.

## Motion for New Trial Hearing

In his second issue, appellant argues the trial court abused its discretion by failing to hold an evidentiary hearing on his motion for new trial. The State responds appellant failed to meet his burden to reschedule his motion for new trial hearing; therefore, the trial court did not abuse its discretion by allowing the motion to be overruled by operation of law. We agree with the State.

A trial court's denial of a motion for new trial hearing is reviewed for an abuse of discretion. *Gonzales v. State*, 304 S.W.3d 838, 842 (Tex. Crim. App. 2010). An appellant does not have an absolute right to a hearing on a motion for new trial. *Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). It is the defendant's burden to ensure that a hearing is set on a date within the trial court's jurisdiction. *Hernandez v. State*, No. 05-02-00842-CR, 2003 WL 1735136, at *1 (Tex. App.—Dallas Apr. 2, 2003, no pet.) (mem. op., not designated for publication); *see also Ryan v. State*, 937 S.W.2d 93, 97 (Tex. App.—Beaumont 1996, pet. ref'd) (noting the burden was on appellant, through her appointed counsel, to request and obtain a hearing on her motion prior to the seventy-fifth day after imposition of her sentence).

In *Hernandez*, the appellant timely filed a pro se motion for new trial in which he acknowledged the hearing on his motion had to occur before the expiration of seventy-five days from the imposition of his sentence. *Hernandez*, 2003 WL 1735136, at *1. He failed to obtain a hearing before that date. *Id.* In concluding the trial court did not err in failing to conduct a

–5–

hearing on his motion for new trial, we stated, "What appellant fails to acknowledge is that it was his burden to ensure that a hearing was set on or before that date." *Id.*

Here, appellant's appointed appellate counsel timely filed a motion for new trial. The trial court set the hearing for June 22, 2012. However, on May 23, 2012, an entry on the docket sheet shows a hearing was held on appellant's request to proceed pro se, which the trial court granted, and appellant's appointed counsel was removed as appellate counsel. Appellant then timely filed a pro se amended motion for new trial.

The day before the motion for the new trial hearing, appellant filed a motion for continuance because he was scheduled to appear before another district court in Dallas County for a separate hearing. He acknowledged in this motion that the court needed to rule on his motion for new trial prior to July 9, 2012. Nothing in the record indicates the trial court ruled on this motion.

On July 6, 2012, appellant filed a motion for the court to issue a bench warrant or in the alternative, grant his amended motion for new trial. Nothing indicates the trial court ruled on this motion, and appellant's motion was overruled by operation of law.

Courts have repeatedly held it is the appellant's burden to timely set a hearing on a motion for new trial. *See, e.g., Hernandez*, 2003 WL 1735136, at *1; *Ryan*, 937 S.W.2d at 96–97; *Johnson v. State*, 925 S.W.2d 745, 747–49 (Tex. App.—Fort Worth 1996, pet. ref'd) (noting it was counsel's burden to request a hearing on a motion for new trial even though the first hearing was suspended because of a bomb threat). This is true even if a defendant has requested a hearing, but for certain reasons such as a continuance, the hearing is postponed. *See Johnson*, 925 S.W.2d at 749. Thus, it continues to be appellant's burden to request additional hearings before his motion for new trial is overruled by operation of law. *See Smith v. State*, No. 14-97-00512-CR, 1999 WL 816249, at *2 (Tex. App.—Houston [14th Dist.] Oct. 14, 1999, no pet.)

–6–

(holding that the burden continues to be on an appellant to see that a hearing is properly set before the motion for new trial is overruled by operation of law) (not designated for publication). Therefore, based on the record before us, appellant failed to meet his burden to reschedule a hearing on his motion for new trial before it was overruled by operation of law. Accordingly, we overrule appellant's second issue.

## Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment.


/Michael J. O'Neill/
_____
MICHAEL J. O'NEILL
JUSTICE


Do Not Publish
TEX. R. APP. P. 47

120634F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

PAUL CLARENCE BAILEY, Appellant

No. 05-12-00634-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas
Trial Court Cause No. 366-81879-09.
Opinion delivered by Justice O'Neill,
Justices Francis and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 2nd day of August, 2013.

/Michael J. O'Neill/
_____
MICHAEL J. O'NEILL
JUSTICE

-8-