Arthur DABNEY, Jr. *v.* STATE of Arkansas

CR 83-5                                    646 S.W.2d 4

Supreme Court of Arkansas
Opinion delivered February 14, 1983

*John H. Bradley*, Deputy Public Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Theodore Holder*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. This appeal is from an order revoking the suspended sentence of Arthur Dabney, Jr., on

the ground that his theft of a pistol was a breach of one condition of his probation, that he not commit any violation of state law punishable by imprisonment. For reversal Dabney argues that the evidence introduced at the revocation hearing was obtained as a result of an illegal arrest and therefore cannot constitutionally support the revocation. The Court of Appeals transferred the case to us under Rule 29 (4) (b).

There are two fatal flaws in Dabney's argument. First, when the proof is viewed most favorably to the trial court's decision, as is our practice, the arrest was not illegal. Dabney and Willie Washington were employed in the service department of the Osceola Motor Company. Before noon on January 7, 1982, they both saw the pistol in a car that Washington was cleaning. During the lunch hour the pistol disappeared. Dabney had spent that hour with Betty Nance, with whom he sometimes stayed. Upon Dabney's return Washington asked him if he had seen the missing pistol. Dabney said he had not seen it. Washington then reported the theft to the service manager. The police were called. They made an investigation, concluded that only Dabney or Washington could have taken the pistol, and decided to believe Washington because he had reported the theft.

As a result of the investigation Dabney was arrested at about 5:00 p.m. the same day. Washington's account of the incident constituted probable cause for Dabney's arrest, even though the pistol had not yet been found. We attach little weight to Dabney's having also been served with a warrant issued months earlier upon a revocation petition, for Officer Riney testified that Dabney was in custody because he was being investigated for the theft of the pistol. An hour or so after the arrest both Dabney and Betty Nance signed a consent to the search of her house, where the pistol was found hidden. Ms. Nance denied knowledge of its presence. At the revocation hearing Dabney sought to shift the blame to Washington by testifying that he received the pistol from Washington, wrapped in towels, and left it at Betty Nance's house when he found out what it was. The trial judge evidently did not credit that explanation.

Second, even if Dabney's original statements and consent to the search were consequences of an illegal arrest, the exclusionary rule does not apply strictly in a proceeding to revoke probation or parole. *Morrissey* v. *Brewer,* 408 U.S. 471 (1972); *Harris* v. *State,* 270 Ark. 634, 606 S.W.2d 93 (Ark. App. 1980); and dicta in *Schneider* v. *State,* 269 Ark. 245, 254, 599 S.W.2d 730 (1980). As pointed out in *Harris,* that the officers act in good faith is sufficient at a revocation hearing to permit the introduction of evidence not admissible at a formal trial. *See* Ark. Stat. Ann. § 41-1209 (3) (b) (Repl. 1977); *Lockett* v. *State,* 271 Ark. 860, 611 S.W.2d 500 (1981). The reason, of course, is to provide the trial judge with complete bearing on the advisability of revoking probation. Here it does not appear that the officers were primarily seeking revocation; they were carrying out their routine duty to investigate a reported theft. It has been observed that in such a situation the exclusion of illegally obtained evidence from a prosecution of the new offense should ordinarily be a sufficient deterrent to unlawful police activity. *State* v. *Davis,* 375 So.2d 69 (La. 1979). Here we perceive no bad faith on the part of the police.

Affirmed.