Lee Allen PYLAND *v.* STATE of Arkansas

CR 90-81                                               790 S.W.2d 178

Supreme Court of Arkansas
Opinion delivered June 11, 1990

*Bradley, Coleman & Davidson,* by: *Scott Davidson,* for appellant.

*Steve Clark,* Att'y Gen., *C. Kent Jolliff,* Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. This is an appeal of a sentence imposed in a revocation hearing. The issue is whether the court erred in refusing to grant a continuance at the request of Lee Allen Pyland, the appellant, for the purpose of obtaining an evaluation of his mental condition. We hold that Pyland has not demonstrated that he had a right to a continuance for that purpose, and thus we affirm.

Pyland was convicted of manslaughter in 1985. He was sentenced to ten years imprisonment with seven years suspended. A condition of the suspended sentence was that Pyland was not to possess or use alcoholic beverages. The state sought to revoke the suspended sentence because Pyland pleaded guilty to driving while intoxicated on September 19, 1989.

At the hearing on revocation held November 20, 1989, Pyland's counsel moved for a continuance so that Pyland could undergo a psychiatric examination and finish a rehabilitation program in which he was engaged. Counsel stated that Pyland was taking medication, was having hallucinations, and was under psychiatric care, and thus he feared Pyland would be unable to

assist in his defense. The court allowed a short continuance but stated clearly that he would hold the revocation hearing that day. Contrary to the state's contention, it is clear to us that the court ruled on the motion.

In a criminal trial, if a defendant has made a preliminary showing that his sanity at the time of the commission of the offense is likely to be a significant issue he is entitled to the assistance of a psychiatrist. *Ake* v. *Oklahoma*, 470 U.S. 68 (1985); *Dunn* v. *State*, 291 Ark. 131, 722 S.W.2d 595 (1987).

Our statute providing for psychiatric examination of a defendant, Ark. Code Ann. § 5-2-305 (Supp. 1989), is inapplicable here as it applies "[w]henever a defendant [is] charged in circuit court." This was not a hearing of a charge but had only to do with a sentence revocation. In *Morrissey* v. *Brewer*, 408 U.S. 471 (1972), the Supreme Court held that one facing parole revocation is entitled to a hearing as well as other due process rights. The question whether an indigent person in that situation was entitled to appointment of counsel was left open. That question was answered in *Gagnon* v. *Scarpelli*, 411 U.S. 778 (1973), where it was stated that "probation revocation, like parole revocation, is not a stage of a criminal prosecution, but does result in a loss of liberty [411 U.S. at 782]." The court held that the due process to which the probationer was entitled would require appointment of counsel in some cases but not others, depending on the complexity of the issue or issues to be addressed in the revocation hearing. The fact that such a hearing is not the same as a criminal proceeding was again recognized in *Minnesota* v. *Murphy*, 465 U.S. 420, 435, n.7 (1984).

Our understanding of these Supreme Court decisions leads us to the conclusion that, like the decision of entitlement to counsel, the decision whether to provide psychiatric assistance to one facing a revocation hearing must be on a case by case basis. While due process must be accorded the respondent, there is no entitlement to the full range of criminal trial safeguards because the court is not dealing with a person who had yet to be convicted of anything. *People* v. *Atencio*, 186 Colo. 76, 525 P.2d 461 (1974). The full requirement of *Ake* v. *Oklahoma, supra*, to the extent it might require providing independent psychiatric help to determine competency at the time of "trial" as well as compe-

tency at the time the offense was committed, does not apply to a proceeding that is not a part of a criminal trial.

■ We cannot say the judge was wrong. While it is clear that Pyland has a serious problem with alcohol consumption, it is also clear that he was fully cognizant of what had happened when he was arrested for driving while intoxicated. His testimony at the hearing was lucid, and nothing which occurred at the hearing contributed to his counsel's assertion that Pyland was unable to cooperate in his own defense. The opposite appeared to have been the case.

Affirmed.