Brian John WHITE *v.* STATE of Arkansas

CR 96-1232                                   951 S.W.2d 556

Supreme Court of Arkansas
Opinion delivered September 11, 1997
[Petition for rehearing denied October 16, 1997.*]

*Sam Sexton III*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

RAY THORNTON, Justice. Bryan John White, appellant, appeals from a January 25, 1996, judgment revoking his probation

---

* CORBIN, J., not participating.

and sentencing him to serve six years concurrently on each of four felony charges to which he had pleaded guilty in February of 1993. He contends that the trial court erred in failing to dismiss the petitions for revocation pursuant to Ark. Code Ann. § 5-4-310 (Repl. 1993), that he received an illegal sentence, and that his constitutional right to a speedy trial under Ark. R. Crim. P. 28.1 was violated. The first two arguments are meritless, and the third is not preserved for our review. We affirm the judgment of the trial court.

We first address appellant's argument regarding dismissal under Ark. Code Ann. § 5-4-310. The relevant facts surrounding the argument are as follows. The supervised probation imposed in February of 1993 was revoked on October 12, 1993, and punishment imposed for violations of probation. The probationary term was extended by one year, by order entered November 5, 1993.

On July 10, 1994, appellant was arrested and charged with the June 24, 1994, rape of a twelve-year-old girl. This felony charge resulted in a revocation petition, but the record does not disclose if or when appellant was arrested on the revocation petition. The record does show that he fled to Texas and California but was returned to Arkansas. Appellant was ultimately tried on the rape charge and the probation revocation on January 23, 1996. He argues that the trial court should have dismissed the probation revocation under Ark. Code Ann. § 5-4-310, which provides in pertinent part:

> (b)(1) A suspension or probation shall not be revoked except after a revocation hearing.
> (b)(2) The revocation hearing shall be conducted by the court that suspended imposition of sentence on defendant or placed him on probation within a reasonable period of time, not to exceed sixty (60) days, after the defendant's arrest.

*Id.* § 5-4-310(b)(2).

The record reveals that at a hearing on October 17, 1994, the court asked appellant's counsel if he wanted to go ahead with the revocations on that date or to reset them to track the substantive charge. It was agreed at this time that the revocations would track the substantive charge. Appellant changed attorneys before his

trial. On January 23, 1996, the date that appellant was ultimately tried, appellant's new counsel moved to dismiss the revocations under the sixty-day provision of the statute, because appellant had been continually incarcerated for more than sixty days prior to trial. The trial court denied the motion, noting that, "from almost the onset of this matter it was understood that the hearings on the probation violations would track the substantive charge."

We agree with the trial court that appellant waived his argument for dismissal by asking that the revocation hearing track the substantive proceedings. When a defendant prefers that the revocation matter be deferred until disposition of an underlying charge, he cannot then turn around and complain of delay. *Barnes v. State*, 294 Ark. 369, 742 S.W.2d 369 (1988). Further, we note that at a hearing held on December 7, 1995, appellant's new counsel, in seeking to separate the revocation matter from the underlying charge, stated to the court that he believed the January trial date to be within the sixty-day time frame.

Appellant's illegal-sentence argument can be disposed of quickly. He contends that he was not sentenced according to the requirements of Ark. Code Ann. § 16-93-303 (Supp. 1995), which provides that the court enter a judgment and commitment order. However, the record shows that the trial court entered such an order on January 25, 1996, on the charges for which he had received probation. Appellant's argument is meritless, as it lacks a factual basis.

His final argument is that his constitutional right to a speedy trial was violated due to the delay in hearing the revocation petition. He argues on appeal that the provisions of Ark. R. Crim. P. 28.1 apply to revocation hearings. However, we have no basis upon which to address this argument because he never received a ruling on the applicability of Ark. R. Crim. P. 28.1 to a revocation proceeding from the trial court. *See Beasley v. Graves*, 315 Ark. 663, 869 S.W.2d 20 (1994). We have repeatedly held that in order to have the argument addressed on appeal, it is incumbent upon a movant to obtain a ruling below. *Foreman v. State*, 328 Ark. 583, 945 S.W.2d 926 (1997). Appellant's argument on this issue is procedurally barred from our review.

Affirmed.

CORBIN, J., not participating.