Teresa Lynn MINER v. STATE of Arkansas

CA CR 99-1346                                    15 S.W.3d 356

Court of Appeals of Arkansas
Division III
Opinion delivered April 26, 2000
[Petition for rehearing denied May 31, 2000.* ]

*R. Paul Hughes, III*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Leslie Plowman Fisken*, Ass't Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. Teresa Lynn Miner appeals from an order of the Sebastian County Circuit Court revoking her probation and sentencing her to five years in the Arkansas Department of Correction with an additional five years suspended. On appeal, she argues that there was insufficient evidence that she violated the terms and conditions of her suspended sentence. We affirm because Miner failed to preserve her argument for appellate review.

On March 3, 1993, Miner pled guilty to felony overdraft and received a five-year suspended sentence and was placed on probation for two years. She was also ordered to make restitution in the amount of $2,243.94, and pay fines and court costs of $639.75, in

---

* MEADS, J., would grant. PITTMAN, J., would grant for certification.

monthly payments of $100. On March 16, 1995, Miner again pled guilty to felony overdraft, received a five-year suspended sentence and two years' probation, and was ordered to make restitution in the amount of $2,638.58, and pay fines and court costs of $1,145.75, in monthly payments of $75. After Miner failed to make several payments, the State petitioned to revoke her suspended sentences. A hearing on the petition was held on August 11, 1999. In its case-in-chief, the State only introduced ledgers that showed Miner had failed to make payments on either the court costs and fines or the restitution for both the 1993 and 1995 convictions. However, Miner entered into evidence a receipt from the prosecuting attorney dated June 23, 1999, that showed that she made a fifty-dollar payment towards money owed as a result of her 1993 conviction and that her balance was only $1,480. Further, Miner testified that she was unable to work until a month prior to the hearing because she lacked transportation and was trapped in an abusive relationship in which her boyfriend did not let her "go anywhere." She testified that she had left her boyfriend the month before and obtained employment in order to "try to get this taken care of." Miner claimed that at the present time, she only earned $373 every two weeks and it, along with $200 per month in child support, was all that she had to support herself and her two children, ages seven and twenty months. According to Miner, she was not receiving any state aid. She brought with her to court $63 that she offered to pay toward her arrearage and stated that she hoped she could resume payment of her restitution and fees on an amended payment plan that would require her to pay $125 per month.

Miner, however, admitted that her father held Wal-Mart stock in her name and it had not been sold to pay her arrearage, but claimed that her father doubted that it would be enough to significantly help her case. She also conceded that she had not asked the court to reduce her monthly payments. On cross-examination, Miner further admitted that she had three counts of felony overdraft and that she owed a total of $9,321.27 in restitution on the three charges. Miner also admitted that she did not make a payment between February 1997 and June 1999 and that she failed to make the payments of $500 and $1,200 that she had promised to make in two prior court appearances.

On appeal, Miner argues that the trial court erred in granting the State's petition to revoke because there is insufficient evidence

that appellant violated the terms and conditions of her suspended sentence. She asserts that the instant case is analogous to *Baldridge v. State*, 31 Ark. App. 114, 789 S.W.2d 735 (1990), in which this court reversed a probation revocation where the appellant presented testimony that he was financially unable to fully pay his court costs and restitution or report in person to his probation officer despite making a significant effort to do so. Further, she contends that her ability to secure the assistance of her family by selling stock was foreclosed as a reason for revoking her suspended sentences by *Jordan v. State*, 327 Ark. 117, 939 S.W.2d 255 (1997). The State, however, asserts that Miner failed to move for a directed verdict at either the close of the State's case or the close of all the evidence, and therefore she is procedurally barred from challenging the sufficiency of the evidence on appeal, and we agree.

Rule 33.1 of the Arkansas Rules of Criminal Procedure was amended on April 8, 1999, to require a motion for directed verdict in a non-jury trial and now states in pertinent part:

> (b) In a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence. The motion for dismissal shall state the specific grounds therefor. If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of all of the evidence.

> (c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. A renewal at the close of all of the evidence of a previous motion for directed verdict or for dismissal preserves the issue of insufficient evidence for appeal. If for any reason a motion or a renewed motion at the close of all of the evidence for directed verdict or for dismissal is not ruled upon, it is deemed denied for purposes of obtaining appellate review on the question of the sufficiency of the evidence.

Conversely, we note that the rules of civil procedure do not require a directed-verdict motion to preserve a challenge to the sufficiency of the evidence for appellate review. Ark. R. Civ. P. 50.

██ Although the supreme court has stated that a revocation hearing is "not the same as a criminal proceeding" for the purpose of granting a continuance to secure a psychiatric evaluation, *Pyland v. State*, 302 Ark. 444, 790 S.W.2d 178 (1990)(citing *Minnesota v. Murphy*, 465 U.S. 420 (1984)), in *Cook v. State*, 59 Ark. App. 24, 952 S.W.2d 677 (1997), the court of appeals used Rule 1.4 of the Arkansas Rules of Criminal Procedure, because it "applies to statutes governing criminal proceedings," to determine that the sixty-day speedy-hearing rule was not violated, and we recognized that the right to counsel applied to revocation proceedings because it was a "stage" in criminal proceedings. Furthermore, in *Crouch v. State*, 62 Ark. App. 33, 968 S.W.2d 643 (1998), this court interpreted Rule 33.3 of the Arkansas Rules of Criminal Procedure to require a hearing to be set, if requested, for a "Motion for Arrest of Judgment and for New Trial" filed after a probation revocation. Accordingly, we hold that a specific directed-verdict motion is required by Rule 33.1 to preserve a sufficiency-of-the-evidence challenge in revocation proceedings, and Miner's failure to make such a motion requires that we affirm without reaching the merits of her argument.

Affirmed.

JENNINGS and HART, JJ., agree.