Teresa Lynn MINER *v.* STATE of Arkansas

CR 00-564 28 S.W.3d 280

Supreme Court of Arkansas
Opinion delivered October 12, 2000

R. *Paul Hughes III*, Sebastian County Public Defender's Office, for appellant.

*Mark Pryor*, Att'y Gen., by: *Leslie Fisken*, Ass't Att'y Gen., for appellee.

W H. "DUB" ARNOLD, Chief Justice. Appellant, Teresa Lynn Miner, brings the instant appeal challenging the Sebastian County Circuit Court's order revoking her probation and sentencing her to five years' imprisonment in the Arkansas Department of Correction with an additional five years' suspended sentence. Miner initially appealed the decision to the Arkansas Court of Appeals and argued that the trial court erred in granting the State's petition because there was insufficient evidence that she had violated the terms and conditions of her suspended sentence. In an opinion dated April 26, 2000, the Court of Appeals affirmed the circuit court's order. *See Miner v. State*, 70 Ark. App. 142, 15 S.W.3d 356 (2000). Pursuant to Ark. R. Sup. Ct. 1-2(e) and 2-4 (2000), we granted appellant's petition for review. The State contends that Miner's arguments are procedurally barred by Ark. R. Crim. P. 33.1. We agree, and we affirm the trial court's order revoking Miner's probation.

## Background

On March 3, 1993, Miner pled guilty to felony overdraft and received a five-year suspended sentence with two years' probation. Additionally, she was ordered to make restitution in the amount of $2,243.94 and to pay fines and costs of $639.75. Approximately two years later, on March 16, 1995, Miner again pled guilty to felony overdraft, received a five-year suspended sentence and two years' probation, and was ordered to pay $2,638.58 in restitution and $1,147.75 in fines and costs. After Miner failed to make several payments, including monthly probation fees and restitution payments, and after she committed another offense of felony overdraft, the State petitioned to revoke her 1993 and 1995 suspended sentences. Following an August 11, 1999 hearing, the trial court found that Miner had violated the terms and conditions of her probation and granted the State's petition to revoke. She was sentenced to five years' imprisonment in the Arkansas Department of Correction with an additional five years' suspended sentence.

■ Following the appellate court's affirmance, we granted Miner's petition for review.[1] When we grant a petition to review a case decided by the Court of Appeals, we review it as if it was filed originally in this court. See *Williams v. State*, 328 Ark. 487, 944 S.W.2d 822 (1997) (citing *Allen v. State*, 326 Ark. 541, 932 S.W.2d 764 (1996)). We first consider whether Rule 33.1 applies in a revocation proceeding and procedurally bars Miner's appeal.

## Rule 33.1

Appellant's first point on appeal queries whether Ark. R. Crim. P. 33.1 applies in the context of a revocation proceeding. The relevant portions of Rule 33.1 provide:

> (a) In a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered the prosecution and at the close of all of the evidence. A motion for directed verdict shall state the specific grounds therefor.

---

[1] We also granted a petition for review in a factually analogous case. *See Thompson v. State*, CA CR 99-1345, slip. op. (Ark. App. May 3, 2000). Similarly, we concluded that Rule 33.1 applies in the context of a revocation proceeding. *See Thompson v. State*, 342 Ark. ___, ___ S.W.3d ___ (October 12, 2000).

(b) In a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence. The motion for dismissal shall state the specific grounds therefor. If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of all of the evidence.

(c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. . . .

(Emphasis added.)

 Miner's argument that Rule 33.1 does not apply to revocation proceedings amounts to a discussion of the ways that trials differ from revocation hearings. For example, defendants in a revocation proceeding are not entitled to the "full panoply of rights that attend a criminal prosecution." *Morrissey v. Brewer*, 408 U.S. 471 (1972). Certain rules of evidence, including the hearsay rule, do not apply strictly to a revocation hearing as they would in a trial. *Lockett v. State*, 271 Ark. 860, 611 S.W.2d 500 (1981). Further, the burden of proof varies. In a criminal trial, the State must prove its case beyond a reasonable doubt, but the burden of proof in a revocation proceeding is "by a preponderance of the evidence." *Lemons v. State*, 310 Ark. 381, 836 S.W.2d 861 (1992). Finally, speedy-trial rules vary between the two proceedings. *Dority v. State*, 329 Ark. 631, 951 S.W.2d 559 (1997). In light of these distinctions and the language of Rule 33.1, Miner claims that the rule is limited on its face to "trials." Miner urges us to construe the rule by giving the words their plain meanings and conclude that it cannot apply to revocation hearings. *See Boyd v. State*, 313 Ark. 171, 853 S.W.2d 263 (1993).

In response, the State argues that Miner is procedurally barred from challenging the sufficiency of the evidence because she failed to move for a directed verdict at either the close of the State's case or at the close of all evidence as required by Rule 33.1. The State reasons that the rule is clearly applicable because revocation proceedings are "criminal cases" and the Arkansas Rules of Criminal Procedure "govern the proceedings in all criminal cases in the Supreme Court and in circuit courts of the State of Arkansas." Ark.

R. Crim. P. 1.2 (2000). Moreover, Ark. R. Crim. P. 1.7 (2000) proclaims that the Rules of Criminal Procedure "shall apply to all criminal proceedings commenced upon or after the effective date hereof, and all appeals and other post-conviction proceedings relating thereto."

Further, the State explains that the rule should apply because a judge acts as fact-finder in a revocation hearing just as he would in a nonjury trial; therefore, the two proceedings are equivalent for purposes of Rule 33.1. Notably, in *Strickland v. State*, 322 Ark. 312, 909 S.W.2d 318 (1995), we considered this argument and reached a different conclusion. In fact, we determined that directed-verdict motions were superfluous when there is a trial without a jury. *Strickland*, 322 Ark. at 317, 909 S.W.2d at 320-21. We explained that the judge would only be directing his own verdict, and the entire purpose of a bench trial is to have the judge, rather than a jury, ascertain the sufficiency of the evidence to convict. *Id.* Of course, at the time of our decision in *Strickland*, the procedural rule did not require a defendant to move for dismissal in nonjury-trial cases. Given that fact, we reasoned that where a judge is sitting as the·trier of fact and would be sufficiently aware of the evidence and the elements of the crime, no such motion would be necessary. *Id.*, 322 Ark. at 318, 909 S.W.2d 321. In sum, we held that a defendant in a nonjury trial need not challenge sufficiency of evidence, via a directed-verdict motion, to preserve the issue for appeal. *Id.*

However, Rule 33.1 was amended in 1999 by *per curiam* opinion. *In Re: Rule 33.1, Rules of Criminal Procedure*, 337 Ark. Appx. 621 (1999). This recent amendment resolves the issue before us and compels us to agree with the State. The Reporter's Note to the 1999 amendment indicates that subsection (a) applies to jury trials, subsection (b) applies to nonjury trials, and subsection (c) applies to both. The comment also states that in *both* jury and bench trials, the defendant is required to notify the trial court of the particular reasons why the State's evidence is insufficient in order to preserve the issue for appellate review. Notably, this requirement as to bench trials marks a change from previous procedure and, more importantly, our intent to overrule the decision in *Strickland*.

■■ In any event, other than citing the various distinctions between trials and revocation hearings, appellant has offered us no authority in support of her position that a revocation hearing can-

not be equivalent to a nonjury trial in the context of Rule 33.1. We have long held that we do not consider arguments without convincing argument or citation to authority in support, where it is not apparent without further research that these arguments are well-taken. *See Perryman v. Hackler,* 323 Ark. 500, 508, 916 S.W.2d 105, 109 (1996) (citing *Thomson v. Littlefield,* 319 Ark. 648, 893 S.W.2d 788 (1995)). Moreover, in the absence of a specific objection below, the trial court had no opportunity to consider appellant's sufficiency argument. It is equally well settled that we will not address arguments raised for the first time on appeal. *Windsor v. State,* 338 Ark. 649, 655, 1 S.W.3d 20 (1999); *see also McGhee v. State,* 330 Ark. 38, 42, 954 S.W.2d 206, 208 (1997).

■■ In conclusion, we hold that Ark. R. Crim. P. 33.1, as amended, requires a defendant in a revocation proceeding to move for dismissal, stating the specific grounds therefor, in order to preserve the question of the sufficiency of the evidence to support the verdict or judgment. Given appellant's failure to make a specific motion for dismissal, we affirm the trial court's order revoking her probation. We also affirm the decision of the Court of Appeals.

BROWN and IMBER, JJ., dissent.

ROBERT L. BROWN, Justice. A revocation hearing is not a trial. Probation, suspension, and revocation are matters that clearly fall within the bailiwick of the General Assembly as part of sentencing and disposition of offenders. *See* Ark. Code Ann. §§ 5-4-301 through 5-4-323 (Repl. 1997, Supp. 1999). The General Assembly treats revocation hearings as separate and apart from trials and establishes the precise procedure for these proceedings. Ark. Code Ann. § 5-4-310 (Repl. 1997). For example, § 5-4-310 sets these procedures for revocation hearings:

- a preliminary hearing to determine if there is reasonable cause for violating suspension or probation shall be held unless waived by defendant;

- a hearing shall occur in circuit court as soon as possible after arrest and reasonably near place of violation or arrest;

- defendant shall be given full notice of the preliminary hearing and alleged violation;

- defendant may offer evidence on his or her behalf;

- if reasonable cause is found, then a hearing shall take place before original sentencing court;

- original sentencing court is sent summary of the preliminary hearing;

- revocation hearing shall occur within 60 days after arrest, after full notice to defendant; and

- defendant shall have right to controvert evidence and present evidence on his or her behalf.

No where in our Rules of Criminal Procedure do we set procedures for revocation hearings. Now for the first time, this court has included such hearings within the definition of "trials."

Today's opinion expands the requirements of Arkansas Criminal Procedure Rule 33.1 so that the term "trial" now includes revocation hearing. This means that because defense counsel did not move for a directed verdict at revocation hearing, he cannot raise insufficiency of the evidence as an issue on appeal. That is a harsh result, especially when the practicing bar has been legitimately unaware of the fact that a majority of this court believes revocation hearings to be trials. Certainly, our rules do not say that.

Revocation hearings and trials are simply two different proceedings. *Black's Law Dictionary* defines "trial" as: "A formal judicial examination of evidence and determination of legal claims in an adversary proceeding." *Black's Law Dictionary* 1510 (7 ed. 1999). A revocation hearing on the other hand is a hearing held to determine whether a probation violator should have his or her probation revoked. In such hearings, a trial has already occurred and the potential violator found guilty. As this court has held, the alleged violator at the revocation hearing is not entitled "to the full range of criminal trial safeguards because the court is not dealing with a person who had yet to be convicted of anything." *Pyland v. State*, 302 Ark. 444, 446, 790 S.W.2d 178, 179 (1990).

The majority clearly has confused apples and oranges. What follows is a sampling of just a few differences between trials and revocation hearings:

- Revocation hearings and trials involve different standards of proof. In a revocation hearing, the burden is on the state to

prove by a preponderance of the evidence that the defendant has violated a condition of probation or suspension. *Lewis v. State,* 336 Ark. 469, 986 S.W.2d 95 (1999). The burden of proof in a jury trial or a non-jury trial is beyond a reasonable doubt.

- The rules of evidence do not apply to a revocation hearing as they do in a trial. Ark. Code Ann. § 5-4-310(c)(2) (Repl. 1997); *Lemons v. State,* 310 Ark. 381, 836 S.W.2d 861 (1992).

- In a revocation hearing, the trial court may disallow cross-examination and confrontation of adverse witnesses for good cause. Ark. Code Ann. § 5-4-310(c)(1) (Repl. 1997).

- The exclusionary rule does not apply to a revocation hearing. *Dabney v. State,* 278 Ark. 375, 646 S.W.2d 4 (1993).

- The privilege against self-incrimination does not apply in the same way in a revocation hearing as it does in a trial. Courts have held that since the rules of evidence need not be strictly adhered to, the privilege against self-incrimination does not prevent consideration of inculpatory statements or a refusal to answer questions. *State ex rel. Flowers v. Dep't of Health & Social Services,* 81 Wis. 2d 376, 260 N.W.2d 727 (1978). Further, "because a revocation hearing is not a criminal prosecution, the probationer may be called by the government as a witness and may be required to testify regarding his noncriminal conduct even if it amounts to a probation violation or else have his refusal to testify considered against him." 5 Wayne R. LaFave, *Criminal Procedure* s 26.10(c) (2d ed.) (citing *Minnesota v. Murphy,* 465 U.S. 420 (1984)).

- The constitutional right to speedy trial does not apply to revocation hearings. *White v. State,* 329 Ark. 487, 951 S.W.2d 556 (1997); *see also* 21A AM. JUR. 2d *Criminal Law* § 920 (1998) (there is no constitutional right to a speedy trial in a revocation hearing).

- Ark. Code Ann. § 5-2-305 (Repl. 1997), dealing with psychiatric examination of defendant, is inapplicable to revocation hearings. *Pyland v. State, supra.*

- Federal Rules of Criminal Procedure, Rule 11 regarding guilty pleas is not applicable in revocation hearings. Fed. R. Crim. P. Rule 11; *U.S. v. Rapert,* 813 F.2d 182 (8th Cir. 1987).

- Collateral estoppel works differently in revocation hearing and trials. A criminal conviction collaterally estops a criminal defendant from denying his or her acts in a subsequent criminal trial. But collateral estoppel does not apply to issues raised at a revocation hearing. 21 AM. JUR. 2d *Criminal Law* § 433 (1998).

- There is no presumption of innocence in a revocation hearing. Parole revocation, for example, is not part of criminal prosecution. Revocation is remedial rather than punitive because it seeks to protect welfare of parolees and the safety of society. Revocation hearings are not concerned with retribution. 59 AM. JUR. 2d *Pardon and Parole* § 96 (1987).

- Statute regarding failure to appear does not apply to an order to appear issued prior to a revocation hearing. Ark. Code Ann. § 5-54-120(d) (Repl. 1997).

The final point made by the majority is that revocation hearings are "criminal proceedings" and, thus, the Criminal Rules apply. But Rule 33.1 does not use the term "criminal proceeding." It speaks in terms of "trials." If this court wishes to apply Rule 33.1 to revocation hearings, it should amend the rule to do so. As matters stood until today, no one was on notice that this was the court's interpretation.

This court interprets its rules, using the same means used to interpret statutes. *Smith v. Smith*, 341 Ark. 590, 19 S.W.3d 590 (2000). And we give words in our statutes their plain meaning. *Boyd v. State*, 313 Ark. 171, 853 S.W.2d 263 (1993). This was not done in the instant case. I would consider the sufficiency issue on the merits.

IMBER, J., joins.