Eddie Eugene THOMPSON *v*. STATE of Arkansas

CR 00-562                                        28 S.W.3d 290

Supreme Court of Arkansas
Opinion delivered October 12, 2000

*R. Paul Hughes, III,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Valerie L. Kelly,* Ass't Att'y Gen., for appellee.

LAVENSKI R. SMITH, Justice.    Eddie Eugene Thompson appeals the   revocation of his suspended sentences by the Sebastian County Circuit Court. Thompson argues that the trial court based its decision on insufficient evidence.    Thompson unsuccessfully appealed his revocation to the court of appeals. The appellate court held that his failure to make a directed-verdict motion at the close of the State's evidence pursuant to Rule 33.1 of the Arkansas Rules of Criminal Procedure caused his insufficiency of the evidence argument not to be preserved. On Thompson's petition, we granted review because the case involves a first-impression interpretation of a recently modified court rule.[1]  Thompson contends that Rule 33.1 is inapplicable because a revocation hearing is neither a jury trial nor a nonjury trial.   We disagree and affirm.

---

[1]    *See* Arkansas Supreme Court Rule 1-2(e)(iii); Rule 33.1 was modified by per curiam April 8, 1999.

*Facts*

On April 17, 1992, Thompson pled nolo contendere to robbery and burglary charges. The court sentenced him to ten years in the Arkansas Department of Correction with nine years suspended. It also ordered him to pay $2,476 in restitution at a rate of $75 per month starting ninety days after release from prison. The sentencing court also specifically prohibited Thompson from possessing any controlled substances. On November 5, 1993, the State filed the original petition to revoke the suspended sentence because Thompson had failed to pay restitution. This petition was amended on January 19, 1994, and March 22, 1994, to include allegations that Thompson had possessed cocaine with intent to deliver and that he had delivered a counterfeit substance along with other violations. In concurrence with these additional revocation allegations, Thompson was prosecuted on the possession charge, and he pled nolo contendere on April 13, 1994, to that charge, and was sentenced to ten years in ADC with five-and-one-half years suspended. Following this disposition, the State withdrew the amended petitions to revoke on the previous charges on April 15, 1994.

On August 21, 1996, the State filed a new petition to revoke the suspended sentences in all three convictions. Again, the prosecution alleged Thompson had failed to pay restitution. On July 11, 1997, the trial court granted revocation, but withheld imposition of the order for ninety days to permit Thompson to make three restitution payments of $100 in successive months beginning on July 15, 1997. On July 26, 1998, police arrested Thompson, and charged him with possession of cocaine and driving while intoxicated. Due to these new violations, the prosecutor filed another petition to revoke on March 31, 1999, based on Thompson's failure to pay restitution. The prosecutor amended this petition on June 16, 1999, to include the additional criminal charges as grounds for revocation.

The trial court held a hearing on the revocation petition on August 11, 1999. There, the prosecutor entered into evidence the court's payment ledger indicating that Thompson had only paid $125 in restitution. The State also put on James Hayes, a Fort Smith police officer, who testified that he arrested Thompson on July 26, 1998, for DWI, and incident to that arrest found a packet of crack cocaine in his police cruiser after Thompson had exited the

vehicle. During the hearing, Thompson's counsel did not move for a directed verdict at either the close of the State's or the defense's case. The trial court found that Thompson had violated the terms and conditions of his suspended sentence and revoked the suspended sentences. The court ordered Thompson to ADC for concurrent sentences of twenty-four months each on the robbery and burglary convictions, and twenty-three months on the possession conviction.

Thompson appealed this decision to the Arkansas Court of Appeals on August 27, 1999, arguing that there was not sufficient evidence to support the revocation of his suspended sentences. The court of appeals issued its decision on May 3, 2000, finding that this issue was not preserved for appeal because Thompson failed to make a directed-verdict motion at the close of the State's or defense's case. The court of appeals relied on its recent decision in *Miner v. State*, 70 Ark. App. 142, 15 S.W.3d 356 (2000)[2], for the proposition that the directed-verdict motion is now required at the close of the State's evidence and at the close of all evidence pursuant to Ark. R. Crim. P. 33.1 to preserve a challenge to the sufficiency of the evidence on appeal.

Following this decision, Thompson filed a Petition for Review on May 15, 2000, arguing that the court of appeals's application of Rule 33.1 exceeded the scope of the rule. In his brief on appeal, Thompson restates that argument citing state and federal cases to the effect that a revocation hearing is different than a trial.

### Standard of Review

■■ On a Petition for Review, this court reviews the case as if the appeal had originally been filed in this court. *Muhammad v. State*, 337 Ark. 291, 988 S.W.2d 17 (1999); *State v. Brunson*, 327 Ark. 567, 570, 940 S.W.2d 440 (1997); *Mullinax v. State*, 327 Ark. 41, 938 S.W.2d 801 (1997). To revoke probation or a suspended sentence, the burden is on the State to prove a violation of a condition by a preponderance of the evidence, and on appellate review the trial court's findings will be upheld unless they are

---

[2] *Miner v. State* has also been submitted to the court this week for review of this issue.

clearly against the preponderance of the evidence. *Lemons v. State*, 310 Ark. 381, 836 S.W.2d 861 (1992). Evidence that is insufficient to support a criminal conviction may be sufficient to support a revocation. *Id*.

## Scope and applicability of Rule 33.1

In his Petition for Review, Thompson argues that the court of appeals erred in refusing to consider his sufficiency challenge based on his failure to move for a directed verdict at the revocation hearing. Thompson contends that Rule 33.1 of the Arkansas Rules of Criminal Procedure does not apply to a revocation "hearing" because the rule by its express language only applies to jury and nonjury "trials." Thompson asserts that since a revocation hearing is not a trial no motion for directed verdict is required.

In response, the State argues that while revocation hearings and trials to determine guilt are not equivalent criminal proceedings in all respects, they are, nonetheless, criminal proceedings to which Rule 33.1 would apply. The State takes this position noting that the trial court acts as a fact finder in a revocation hearing just as it does in a nonjury trial; thus, for purposes of Rule 33.1, the two are equivalent. The State further argues that applying Rule 33.1 to revocation hearings is in line with the well-established rule that an objection is necessary to preserve an issue for appeal.

■■ We find the State's argument persuasive and hold that Rule 33.1 applies to revocation hearings. This court modified Rule 33.1 in 1999 to require a defendant to make a directed-verdict motion in both jury and nonjury trials at the specified times. *See In Re Rule 33.1*, 337 Ark. Appx. 621 (1999). In jury trials, the motion must be made at the conclusion of the prosecution's case and again at the close of all of the evidence. Prior to the amendment, when tried without a jury, a defendant was not required to make a directed-verdict motion at the close of all the evidence. The rule now specifically requires the defense to make the motion at the close of all the evidence in nonjury trials as well as jury trials. This rule specifically overruled *Strickland v. State*, 322 Ark. 312, 909 S.W.2d 318 (1995), wherein this court held that

> [M]otions for directed verdict are superfluous when there is a trial without a jury as the judge would only be directing his own

verdict and the entire purpose of a bench trial is to have the judge, rather than a jury, ascertain the sufficiency of the evidence to convict.

*Id.*, 322 Ark. at 317. As stated in the 1999 per curiam adopting the change in the rule, "the principal change is to require defendant in both jury and bench trials to notify the trial court of the particular reasons why the state's evidence is insufficient in order to preserve that issue for appeal." *In Re Rule 33.1*, 337 Ark. Appx. at 621. This rationale is as apposite for revocation hearings as it is for nonjury trials. On appeal, Thompson specifically challenges the sufficiency of the evidence by pointing out what he considers inadequacies of proof. However, by not making a directed-verdict motion, he never afforded the trial court the opportunity to address the issue.

■ Moreover, we note that applying Rule 33.1 to revocation hearings is consistent with the scope of the rules outlined in Ark. R. Crim. P. 1.7, which states in part:

(a) These rules shall apply to all criminal proceedings commenced upon or after the effective date hereof, and all appeals.

This language is clear that the Rules of Criminal Procedure apply in "criminal proceedings," "appeals" and "post-conviction proceedings" relating to the underlying criminal proceedings. A revocation hearing is part of the "criminal proceedings;" hence, the rules apply. However, the issue before the court is whether Rule 33.1 specifically applies.

■ To support his argument that a revocation hearing is not the same as a nonjury trial, Thompson cites federal and state precedents which distinguish a probation revocation from a trial. The principal distinction made by both types of authority is that in a revocation proceeding the defendant does not have a constitutional guarantee of the same panoply of rights afforded him at the trial to determine guilt or innocence. *See Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)[3]. In essence, at a revocation hearing, less is required of the State to establish a violation of a probationary sentence than to prove the defendant's guilt in the first instance. *Lemons, supra*. These distinctions, however, do not make a revocation hearing less of a

---

[3] *See also Dabney v. State*, 278 Ark. 375, 646 S.W.2d 4(1983) (highlights the differing burden of proof and that revocation can occur before conviction on the subsequent offense).

trial, just one with different standards. It remains a criminal proceeding conducted under the rules for the determination of the existence of certain alleged facts — facts, which if established, will affect the ability of the defendant to continue on probation from his sentence. We conclude that Rule 33.1 does apply to revocation hearings. Consequently, Thompson's election not to make a directed-verdict motion at the close of all the evidence failed to preserve his sufficiency of the evidence argument. Hence, we do not reach the merits of his appeal and affirm.

Affirmed.

BROWN AND IMBER, JJ., dissent.

ROBERT L. BROWN, Justice, dissenting. A revocation hearing is not a trial. Probation, suspension, and revocation are matters that clearly fall within the bailiwick of the General Assembly as part of sentencing and disposition of offenders. *See* Ark. Code Ann. §§ 5-4-301 through 5-4-323 (Repl. 1997, Supp. 1999). The General Assembly treats revocation hearings as separate and apart from trials and establishes the precise procedure for these proceedings. Ark. Code Ann. § 5-4-310 (Repl. 1997). For example, § 5-4-310 sets these procedures for revocation hearings:

- a preliminary hearing to determine if there is reasonable cause for violating suspension or probation shall be held unless waived by defendant;

- a hearing shall occur in circuit court as soon as possible after arrest and reasonably near place of violation or arrest;

- defendant shall be given full notice of the preliminary hearing and alleged violation;

- defendant may offer evidence on his or her behalf;

- if reasonable cause is found, then a hearing shall take place before original sentencing court;

- original sentencing court is sent summary of the preliminary hearing;

- revocation hearing shall occur within 60 days after arrest, after full notice to defendant; and

- defendant shall have right to controvert evidence and present evidence on his or her behalf.

No where in our Rules of Criminal Procedure do we set procedures for revocation hearings. Now for the first time, this court has included such hearings within the definition of "trials."

Today's opinion expands the requirements of Arkansas Criminal Procedure Rule 33.1 so that the term "trial" now includes revocation hearing. This means that because defense counsel did not move for a directed verdict at revocation hearing, he cannot raise insufficiency of the evidence as an issue on appeal. That is a harsh result, especially when the practicing bar has been legitimately unaware of the fact that a majority of this court believes revocation hearings to be trials. Certainly, our rules do not say that.

Revocation hearings and trials are simply two different proceedings. *Black's Law Dictionary* defines "trial" as: "A formal judicial examination of evidence and determination of legal claims in an adversary proceeding." *Black's Law Dictionary* 1510 (7 ed. 1999). A revocation hearing on the other hand is a hearing held to determine whether a probation violator should have his or her probation revoked. In such hearings, a trial has already occurred and the potential violator found guilty. As this court has held, the alleged violator at the revocation hearing is not entitled "to the full range of criminal trial safeguards because the court is not dealing with a person who had yet to be convicted of anything." *Pyland v. State*, 302 Ark. 444, 446, 790 S.W.2d 178, 179 (1990).

The majority clearly has confused apples and oranges. What follows is a sampling of just a few differences between trials and revocation hearings:

- Revocation hearings and trials involve different standards of proof. In a revocation hearing, the burden is on the state to prove by a preponderance of the evidence that the defendant has violated a condition of probation or suspension. *Lewis v. State*, 336 Ark. 469, 986 S.W.2d 95 (1999). The burden of proof in a jury trial or a non-jury trial is beyond a reasonable doubt.

- The rules of evidence do not apply to a revocation hearing as they do in a trial. Ark. Code Ann. § 5-4-310(c)(2) (Repl. 1997); *Lemons v. State*, 310 Ark. 381, 836 S.W.2d 861 (1992).

- In a revocation hearing, the trial court may disallow cross-examination and confrontation of adverse witnesses for good cause. Ark. Code Ann. § 5-4-310(c)(1) (Repl. 1997).

- The exclusionary rule does not apply to a revocation hearing. *Dabney v. State*, 278 Ark. 375, 646 S.W.2d 4 (1993).

- The privilege against self-incrimination does not apply in the same way in a revocation hearing as it does in a trial. Courts have held that since the rules of evidence need not be strictly adhered to, the privilege against self-incrimination does not prevent consideration of inculpatory statements or a refusal to answer questions. *State ex rel. Flowers v. Dept. of Health & Social Services*, 81 Wis. 2d 376, 260 N.W.2d 727 (1978). Further, "because a revocation hearing is not a criminal prosecution, the probationer may be called by the government as a witness and may be required to testify regarding his noncriminal conduct even if it amounts to a probation violation or else have his refusal to testify considered against him." 5 Wayne R. LaFave, *Criminal Procedure* s 26.10(c) (2d ed.) (citing *Minnesota v. Murphy*, 465 U.S. 420 (1984)).

- The constitutional right to speedy trial does not apply to revocation hearings. *White v. State*, 329 Ark. 487, 951 S.W.2d 556 (1997); *see also* 21A Am. Jur. 2d *Criminal Law* § 920 (1998) (there is no constitutional right to a speedy trial in a revocation hearing).

- Ark. Code Ann. § 5-2-305 (Repl. 1997), dealing with psychiatric examination of defendant, is inapplicable to revocation hearings. *Pyland v. State, supra.*

- Federal Rules of Criminal Procedure, Rule 11 regarding guilty pleas is not applicable in revocation hearings. Fed. R. Crim. P. Rule 11; *U.S. v. Rapert*, 813 F.2d 182 (8th Cir. 1987).

- Collateral estoppel works differently in revocation hearing and trials. A criminal conviction collaterally estops a criminal defendant from denying his or her acts in a subsequent criminal trial. But collateral estoppel does not apply to issues raised at a revocation hearing. 21 Am. Jur. 2d *Criminal Law* § 433 (1998).

- There is no presumption of innocence in a revocation hearing. Parole revocation, for example, is not part of criminal prosecution. Revocation is remedial rather than punitive because it seeks to protect welfare of parolees and the safety of society. Revocation hearings are not concerned with retribution. 59 Am. Jur. 2d *Pardon and Parole* § 96 (1987).

- Statute regarding failure to appear does not apply to an order to appear issued prior to a revocation hearing. Ark. Code Ann. § 5-54-120(d) (Repl. 1997).

The final point made by the majority is that revocation hearings are "criminal proceedings" and, thus, the Criminal Rules apply. But Rule 33.1 does not use the term "criminal proceeding." It speaks in terms of "trials." If this court wishes to apply Rule 33.1 to revocation hearings, it should amend the rule to do so. As matters stood until today, no one was on notice that this was the court's interpretation.

This court interprets its rules, using the same means used to interpret statutes. *Smith v. Smith*, 341 Ark. 590, 19 S.W.3d 590 (2000). And we give words in our statutes their plain meaning. *Boyd v. State*, 313 Ark. 171, 853 S.W.2d 263 (1993). This was not done in the instant case. I would consider the sufficiency issue on the merits.

IMBER, J., joins.