SLOTS, INC. *v.* STATE of Arkansas

00-95                                          30 S.W.3d 105

Supreme Court of Arkansas
Opinion delivered November 9, 2000
[Petition for rehearing denied December 14, 2000.]

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Baucum Fulk*; and *Walter Skelton*, for appellant.

*Mark Pryor*, Att'y Gen., by: *C. Joseph Cordi, Jr.*, Ass't Att'y Gen., for appellee.

R OBERT L. BROWN, Justice. This appeal is from an order of the circuit court, which denied the motion of appellant Slots, Inc., to return certain seized devices. The items seized included twenty-five alleged gaming devices. The circuit court refused to return twenty-four of those alleged devices. Slots, Inc., raises four points on appeal which essentially concern whether the alleged gaming devices are in fact amusement devices and protected under the Coin-Operated Amusement statutes, codified at Ark. Code Ann. §§ 26-57-401 through 421 (Repl. 1997). Because we conclude that the order appealed from is not a final order under Ark. R. Crim. P. 15.2(e), we dismiss the appeal without prejudice.

The facts are that in 1998, Slots, Inc., with an address of Hydes, Maryland, received a $1,000 Amusement Machine Operator's permit from the Arkansas Department of Finance and Administration to operate an adult amusement game room business in North Little Rock. The business was commenced with David Howard Shaw, Jr., acting as agent for Slots, Inc., and doing business as F&S Enterprises.

On October 1, 1998, North Little Rock police officers executed a search warrant on Shaw's video arcade in North Little Rock and seized twenty-five video amusement machines. The police officers also arrested one of Shaw's employees, Brian Keith Smith.

On October 29, 1998, Slots, Inc., and Shaw filed a motion for return of the seized machines under Arkansas Rule of Criminal Procedure 15.2 in the Municipal Court of North Little Rock, Criminal Division, where Smith's case was pending. No hearing was held, and the devices at issue were not returned.

On April 1, 1999, Shaw was charged in Pulaski County Circuit Court with the crime of keeping a gambling house in violation of Ark. Code Ann. § 5-66-103 (Repl. 1997). On April 24, 1999, Shaw was killed in a vehicular accident. On June 1, 1999, Slots, Inc., filed a renewed motion for return of the seized machines. On June 11, 1999, the criminal charge against Shaw was deemed abated by his death. Thereafter, a hearing was held on the motion for return of the seized machines, and the circuit court ordered the return of one non-functional device and denied the motion with respect to the other twenty-four devices. The circuit court ruled in its order that the twenty-four remaining machines were illegal gaming devices and that operation of them violated the lottery prohibition of Article 19, Section 14 of the Arkansas Constitution.

We turn first to a jurisdictional defect asserted by the State. The State directs this court to Ark. R. Crim. P. 15.2, which deals with motions for the return of seized things, and particularly to the subsection dealing with appellate review. That subsection reads:

> (e) *Appellate Review.* An order granting a motion for return or restoration of seized things shall be reviewable on appeal in regular course as a final order. An order denying such a motion, or entered under Rule 15.2(f), shall be reviewable on appeal upon certification by the court having custody of such things that they are no longer needed for evidentiary purposes.

Ark. R. Crim. P. 15.2(e). The State contends that although Shaw's prosecution was abated by his death, the order of the circuit court does not contain a certification from the court that the devices seized are no longer needed for evidentiary purposes. Accordingly, the State contends that the circuit court's order denying the motion is not a final, reviewable order and that this court is without juris-

diction to reach the merits. At oral argument, the State analogized the necessity for a circuit court certification under Rule 15.2(e) to court approval of a conditional plea, which is a prerequisite for an appeal of an adverse decision on a pretrial motion to suppress. *See* Ark. R. Crim. P. 24.3(b).

In response, Slots, Inc., contends that the criminal charge was abated by Shaw's death, and that no other criminal charges relating to the seized devices are pending. Moreover, it asserts that the prosecution never advised the circuit court that it had need of these devices for evidentiary purposes. Finally, it notes that the twenty-four questionable machines are in the custody of the North Little Rock Police Department and not the circuit court. Thus, it contends, Rule 15.2(e) is inapposite.

■ The issue raised by the State is one of first impression for this court and presents us with a question of this court's jurisdiction. We analogize the situation to the trial court certification required to render certain orders final for purposes of civil appeals. *See* Ark. R. Civ. P. 54(b). In civil appeals, this court has long had a strict policy that we would not consider an order final that is not conclusive of all claims affecting all parties unless there is an express determination by the trial court, supported by specific factual findings, that there is no just reason for delaying the appeal. *See* Ark. R. Civ. P. 54(b); *see also* Ark. R. App. P.—Civ. 2(a)(11). We have emphasized this policy against piecemeal appeals in numerous cases, as well as the necessity to include a certification by the trial court that there is no just reason to delay the appeal. *See, e.g., Hodges v. Huckabee*, 333 Ark. 247, 968 S.W.2d 619 (1998); *General Motors Acceptance Corp. v. Eubanks*, 318 Ark. 640, 887 S.W.2d 292 (1994).

■ A comparable requirement for circuit court certification before an order is reviewable by this court is expressly provided in Rule 15.2(e). A certification by the circuit court that the items seized "are no longer needed for evidentiary purposes" protects against a futile appeal from a denial of a motion to return seized things when the items are needed for future proceedings. We view it as being incumbent on the appealing party, here Slots, Inc., to perfect a final order, the same as the burden is on the appellant in a civil appeal to obtain a 54(b) certification. That was not done.

It is true, as Slots, Inc., maintains, that Shaw is dead and no additional prosecutions in this matter are referred to in the record. But that is precisely the reason for a circuit court certification — to make certain with the participation of all parties, including the prosecuting attorney, that that is in fact the case. Otherwise, the matter is subject to some speculation on our part, and we will not engage in the futility of reviewing a matter that may not be final.

■ We do not believe that the point made by Slots, Inc., that the machines are not in the custody of the circuit court, as Rule 15.2(e) requires, has merit. The machines were seized pursuant to a search warrant issued by the North Little Rock Municipal Court and though the machines currently are kept by the North Little Rock Police Department, they are still held under the auspices of the circuit court.

■ In sum, we conclude that under the clear terms of our Rule 15.2(e), the required certification from the circuit court which would render the matter reviewable is lacking. We, therefore, dismiss the appeal without prejudice due to the lack of a final order.

■ There is one final point. One day before oral argument, the State notified this court that it would be raising our recent decisions in *Miner v. State*, 342 Ark. 283, 28 S.W.3d 280 (2000) and *Thompson v. State*, 342 Ark. 365, 28 S.W.3d 290 (2000), concerning the failure of Slots, Inc., to move for a directed verdict pursuant to Ark. R. Crim. P. 33.1 in order to preserve the issue of insufficient evidence. The State urges that the failure to make the directed-verdict motion at the hearing on the motion to return the seized devices constituted a waiver of the right to appeal from an adverse decision. We recognize that the State did not have the benefit of our decisions in *Miner* and *Thompson* until after it had filed its briefs in this matter. Nevertheless, the issue raised by those decisions and by the State at oral argument is essentially a new one. We deem it to be unfair to Slots, Inc., to raise a new issue at such a late date. We have stated that litigants are entitled to know all arguments made against their positions so that they can prepare adequate responses. *Medlock v. Leathers*, 311 Ark. 175, 842 S.W.2d 428 (1992). That did not occur under these circumstances. Hence, we will not address this argument.

Appeal dismissed without prejudice.

GLAZE, J., dissents.

TOM GLAZE, Justice, dissenting. The majority court dismisses this appeal because the appellant did not obtain a certification from the lower court that the seized contraband in issue in this appeal is no longer needed for evidentiary purposes. It adopts the State's contention that, because appellant failed to obtain the certification, the trial court's order refusing to return the contraband to the appellant was not a final order from which the appellant could appeal. The majority court analogizes this situation to the ones covered under Ark. R. Civ. P. 54(b), and like in Rule 54(b) cases, the majority reads that a party's failure to obtain a certification under Ark. R. Crim. P. 15.2(e) is jurisdictional and is reason to dismiss the appellant's appeal.

As the majority opinion points out, the Rule 15.2(e) issue is one of first impression, and while the court now decides to interpret Rule 15.2(e) as jurisdictional, it is certainly not obliged to do so, because Rule 15.2(e) serves an entirely different purpose than Rule 54(b). It is quite clear that Rule 15.2(e)'s certification is to assure the seized contraband is no longer needed for evidentiary purposes, whether in criminal or civil proceedings. This is information the State in this case was fully aware of. If the State anticipated a future need of the contraband, the State could have made its needs known. The record reflects that neither the appellant nor the State needed the contraband as evidence since the defendant, David Shaw, is now dead and no additional prosecutions are mentioned. Surely, this is an evidentiary matter that could be waived and should not be jurisdictional. Rule 15.2(e) is unlike Rule 54(b), whose sole purpose is to prevent piecemeal appeals in order to avoid delay.

In conclusion, I am well aware that the court may interpret Rule 15.2(e) strictly as a jurisdictional bar when no certification has been obtained showing the seized contraband is no longer needed for evidentiary purposes. However, this court has a choice or alternative construction that is far more reasonable — a certification can be waived where a party or the record fails to show any future need for the contraband, and, in fact, reflects no pending or possible proceedings that might require the seized contraband. Certainly, the seized contraband must be preserved until the appeal is concluded, and if any future need for the contraband becomes evident

in this appeal, this court has the authority to make specific directives dealing with such matters in its disposition.

For the above reasons, I would proceed with the merits in this appeal and avoid any further, unnecessary delay.