Krystal Lee LAMANCE *v.* STATE of Arkansas

CA CR 03-1164                    200 S.W.3d 475

Court of Appeals of Arkansas
Opinion delivered December 15, 2004

*Naif Samuel Khoury*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant in this revocation case pled *nolo contendere* to charges of forgery and theft of

property on February 12, 2003. The trial court suspended imposition of sentence conditioned on good behavior, payment of fines, and performance of community service. The State subsequently filed a petition to revoke, alleging that appellant violated the conditions of her suspension by committing theft of property and using methamphetamine while she was performing her community service. After a hearing, the trial judge found that appellant had violated the conditions of her suspension, revoked her suspended sentence, and sentenced her to five years' imprisonment. On appeal, appellant contends that the trial court erred in denying her motion for a mental examination. We affirm.

On appeal, appellant argues that she was entitled to a mental examination pursuant to *Ake v. Oklahoma,* 470 U.S. 68 (1985). However, as the Arkansas Supreme Court noted in *Pyland v. State,* 302 Ark. 444, 790 S.W.2d 178 (1990), *Ake* does not apply to a proceeding, like the revocation in the case at bar, that is not a part of a criminal trial. Therefore, the issue before us is not whether appellant made a preliminary showing that her sanity is likely to be a significant issue, as would be the case under *Ake,* but is instead whether due process requires that a psychiatric evaluation be provided under the circumstances of this particular case. As the court said in *Pyland v. State, supra:*

> [L]ike the decision of entitlement to counsel, the decision whether to provide psychiatric assistance to one facing a revocation hearing must be on a case by case basis. While due process must be accorded the respondent, there is no entitlement to the full range of criminal trial safeguards because the court is not dealing with a person who had yet to be convicted of anything. *People v. Atencio,* 186 Colo. 76, 525 P.2d 461 (1974). The full requirement of *Ake v. Oklahoma, supra,* to the extent it might require providing independent psychiatric help to determine competency at the time of "trial" as well as competency at the time the offense was committed, does not apply to a proceeding that is not a part of a criminal trial.

*Id.* at 446-47, 790 S.W.2d at 179.

The analysis in *Pyland* turned on the court's observation that Pyland's "testimony at the hearing was lucid, and nothing which occurred at the hearing contributed to his counsel's assertion that Pyland was unable to cooperate in his own defense. The opposite appeared to have been the case." 302 Ark. at 447, 790

S.W.2d at 179-80. The trial judge in the present case employed virtually the same analysis. Here, appellant's motion for a mental examination was based on her attorney's assertion that, because a prior mental evaluation revealed that appellant had a low-average IQ of 78, she was unable to understand the proceedings or assist in her own defense. The trial court denied the motion, noting after the hearing had concluded that appellant had testified quite lucidly, demonstrating by her testimony that she understood the nature of the proceedings and the possible consequences. On our review of this record, we conclude that appellant's testimony at the hearing contradicts her attorney's assertions that appellant was unable to understand the proceedings or assist in her own defense, and we hold that the trial court did not err in denying her motion for a mental examination.

Affirmed.

CRABTREE and ROAF, JJ., agree.