Cite as 2025 Ark. App. 285

# ARKANSAS COURT OF APPEALS
DIVISION III
**No.** CR-24-451

| | |
|---|---|
| MELVIN MCNEAL, JR.<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** May 7, 2025<br><br>APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT<br>[NO. 16JCR–21–1041]<br><br>HONORABLE CHRIS THYER, JUDGE<br><br>AFFIRMED |

## BRANDON J. HARRISON, Judge

Melvin McNeal, Jr., appeals the Craighead County Circuit Court's denial of his motion to suppress evidence at his revocation hearing. The court revoked the thirty-six-month suspended sentence it had imposed in April 2022 for possessing ten to two hundred grams of methamphetamine or cocaine with purpose to deliver, a Class A felony. Ark. Code Ann. § 5-64-420(b)(3) (Repl. 2024). It sentenced McNeal to 360 months in the Arkansas Division of Correction for violating conditions that required him not to commit new crimes, use drugs, or possess a firearm. We affirm.

On May 17, about six weeks into McNeal's suspended sentence, he was driving a white Nissan Altima with expired tags. Investigator Tanner Huff with the Jonesboro Police Department was behind him. He saw McNeal drive left of the center line, so he conducted

a traffic stop. He smelled marijuana in the vehicle. He found a small amount of marijuana and some cash after a search.

The day was not over. Later, police conducted a probation-waiver search of a house on Joy Street where McNeal was staying. They recovered three boxfuls of drugs, including more than a hundred packages of candy-like THC edibles with names like "Stoner Patch Dummies" and "Medicated Nerds Rope." It was like Willy Wonka meets Cheech and Chong. None could legally be purchased in Arkansas, Investigator Huff testified. Police also found methamphetamine, MDMA, and a .45-caliber Kimber 1911 semiautomatic pistol that had been reported stolen.

The State filed new criminal charges for the contraband the officers had found. In June 2022, it also petitioned to revoke McNeal's suspended sentence, alleging six violations on 17 May 2022 of the condition not to commit a new criminal offense. One allegation was that McNeal had "unlawfully and feloniously . . . possessed a quantity of [m]arijuana," a Class C felony violation of Ark. Code Ann. § 5-64-436 (Repl. 2024).

McNeal moved to suppress the evidence found in the search. The exclusionary rule, however, does not apply in revocation proceedings "unless the defendant demonstrates that the officers conducting the search acted in bad faith." *Sherman v. State*, 2009 Ark. 275, at 8–9, 308 S.W.3d 614, 618; *see also Dabney v. State*, 278 Ark. 375, 646 S.W.2d 4 (1983). McNeal's counsel tried to demonstrate as much at the combined suppression and revocation hearing; but the circuit court was not persuaded. More importantly for our purposes, the bad-faith exception from *Sherman* was not the only revocation-specific legal principle in play. Another was that proof of even one unexcused violation of a condition of probation

2

or suspended sentence will sustain a decision to revoke. *E.g.*, *Stewart v. State*, 2018 Ark. App. 306, 550 S.W.3d 916. And not all that proof came from McNeal's residence. Some came from the traffic stop.

After the circuit court announced its findings that McNeal had violated three conditions of supervised release, it observed:

> I think this was a trap house and I think . . . this is Mr. McNeal's trap house.[1] And looking at those Nerds candies . . . in Mr. McNeal's trap house, I think those are Mr. McNeal's. . . . But even if I didn't believe all of that . . . the marijuana that was found when they pulled him over that day is sufficient, by itself, for the [revocation].

McNeal does not challenge Investigator Huff's testimony that he was driving left of center with expired tags in a car that smelled of marijuana or that marijuana was found in the car. The odor of marijuana coming from a car is probable cause to search it (at least for marijuana.) *McDaniel v. State*, 337 Ark. 431, 438, 990 S.W.2d 515, 518–19 (1999). McNeal's counsel did not object to considering misdemeanor possession as a violation, though it was not specifically alleged in the petition. If anything, he conceded it was sufficient grounds to revoke:

> THE COURT: So just the marijuana in the car, that he admitted was his gets him 30 years, potentially gets him 30 years in the Department of Correction?
>
> DEFENSE COUNSEL: Yes, Your Honor.

Our supreme court has applied harmless-error principles to affirm convictions without addressing suppression-related issues if it can conclude beyond a reasonable doubt

---

[1] A "trap house" is a residence where illegal drugs are trafficked. *Cf.* Fetty Wap, *Trap Queen*, on Fetty Wap (300 Entertainment/RGF Productions 2015) (discussing events implied to take place at a trap house).

that any error did not contribute to the jury's verdict. *Livingston v. State*, 2013 Ark. 264, 428 S.W.3d 474. Here, the circuit court saved us the guesswork because it expressed that the marijuana recovered from the car was a sufficient, independent reason to revoke McNeal's suspended sentence. Because that determination would survive and suffice to support the revocation, we need not decide if the evidence from McNeal's residence should have been suppressed. *Harden v. State*, 2023 Ark. App. 361, 676 S.W.3d 4. One violation is enough.

Affirmed.

TUCKER and BARRETT, JJ., agree.

*Thompson & Holmes*, by: *Jake Holmes*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.